Argued and submitted March 27, reversed and remanded for further proceedings
May 23, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# DARRELL ALLEN HALFORD,
*Appellant.*

## (10-88-06899; CA A50806)

792 P2d 467

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals from convictions for attempted rape in the first degree, ORS 163.375, ORS 161.405, sodomy in the first degree, ORS 163.405, and delivery of a controlled substance, ORS 475.992, after a jury trial. He assigns as error the trial court's denial of his motions for mistrial.[1] We reverse.

■    In his initial closing argument, the prosecutor told the jury:

> "This is a case that is a little unusual in that I hope you remember, I know you remember opening statements, [defense counsel] *said the defendant was going to testify, and told you what he was going to testify to—*
>
> "* * * * *
>
> *"The defendant did not testify,* and that information that was given to you by [defense counsel] is not evidence in this case." (Emphasis supplied.)

Defendant argues that the court abused its discretion in denying his motion for mistrial based on the prosecutor's comments because his counsel did not tell the jury during opening statements that defendant would testify. The state argues that the prosecutor's remarks simply told the jury that what defense counsel said was not evidence and that the court's denial of the motion was proper.[2]

Informing a jury that the defendant has exercised the right to remain silent is likely to prejudice the defendant's right to a fair trial. *State v. White,* 303 Or 333, 342, 736 P2d 552 (1987). Here, the prosecutor's comments went beyond a general reference to the fact that counsel's opening statement was not evidence and specifically drew the jury's attention to

---

[1] Because of our disposition of the case, we do not reach defendant's remaining assignment of error.

[2] In its brief, the state argued that "[i]n his opening statement, defense counsel had said defendant would testify." At oral argument, it conceded that defense counsel did not "explicitly" tell the jury that defendant would testify, but argued that he had implied that defendant would do so by referring to evidence that arguably could only have been testified to by defendant. Having examined defense counsel's opening statement, we disagree. He simply told the jury what "the facts [would] show," what "the testimony [would] be" and "[would] show," and what "the evidence [would] show." We do not understand defense counsel's statement to imply that defendant would be called as a witness.

the fact that defendant did not testify. Under the circumstances, we conclude that the comments had a "presumably harmful effect." *See State v. Wederski,* 230 Or 57, 60, 368 P2d 393 (1962).

■ The state also argues that the court gave an instruction that remedied any prejudice. Defense counsel timely objected to the prosecutor's remarks and told the court that he had a motion for it to consider. However, the court did not allow him to argue the motion until after the jury had been instructed and had begun deliberations. Accordingly, he was not given the opportunity to request an immediate curative instruction. The court did give a general jury instruction to the effect that defendant had an absolute constitutional right not to testify, and that his decision not to testify could not be considered an indication of guilt. That instruction did no more than tell the jury that defendant's failure to testify was irrelevant. Its untimely impact was insufficient to cure the prejudice. *See State v. White, supra,* 303 Or at 343-44; *State v. Jones,* 279 Or 55, 62, 566 P2d 867 (1977). We conclude that the prosecutor's comments prejudiced defendant's right to a fair trial and that the prejudice was not dissipated by a curative instruction.

Relying on *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983), defendant argues that Article I, section 12, of the Oregon Constitution, bars a new trial because of the prosecutor's "improper conduct" during closing arguments. We remand for the court to consider the issue and determine whether a new trial should be held.[3]

---

[3] During his closing arguments, the prosecutor made some comments about defendant's failure to call certain witnesses and about defense counsel. Defendant argues that the trial court should have granted a mistrial because of those remarks. We need not reach those issues. However, personal attacks on opposing counsel have no place in Oregon courts. We repeat what we have recently said:

"To attempt to establish a defendant's guilt by making unwarranted personal attacks on his attorney * * * is not only unfair, but it impugns the integrity of the system as a whole. Such comments dangerously overshadow what a defendant's case is really about, and we presume that they prejudice a defendant." *State v. Lundbom,* 96 Or App 458, 461, 773 P2d 11, *rev den* 308 Or 382 (1989).

*See also* EC 7-37, which provides, in relevant part:

"A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system."

Reversed and remanded for further proceedings not inconsistent with this opinion.