Argued and submitted November 6, 1992, affirmed April 21, reconsideration denied July 28, petition for review denied August 24, 1993 (317 Or 486)

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD LEE WHITE,
*Appellant.*

(C9104-31912; CA A72812)

850 P2d 1158

Richard E. Fowlks, Portland, argued the cause for appellant. With him on the brief was William D. Scalf, Portland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendant appeals his conviction for sexual abuse in the first degree. ORS 163.427. He assigns error to the denial of three motions for mistrial. We affirm.

The victim was an 11-year-old girl who, in April, 1989, was visiting her mother's home. While sleeping in a room with a female friend and a female cousin, the victim was awakened by defendant, a distant relative then living in the home. Smelling strongly of alcohol, defendant placed his mouth on the victim's breast. He told the victim that he would buy her a horse if she did not report the incident. When the victim responded that defendant should go, defendant threatened to kill her if she reported the incident. After he left, the victim awakened her friend and her cousin. The three girls went to the bedroom of the victim's mother, but the victim did not tell her mother what had happened.

Sometime later, again while sleeping at her mother's house, the victim awoke to find defendant staring at her. She became frightened and cried out. When her mother came to ask what was wrong, the victim told her mother that defendant had been observing her while she slept.

In May, 1990, the victim informed a school counselor about defendant's sexual contact with her in April, 1989. The counselor contacted Sergeant Taylor, who interviewed the victim. After an investigation, defendant was indicted and a jury convicted him of sexual abuse in the first degree.

Defendant first assigns error[1] to the denial of his motion for a mistrial and an evidentiary objection on the ground that the court's decision to allow prosecutorial statements and testimony regarding his drinking habits was erroneous.

Defendant's first argument concerns a remark made during the prosecutor's opening statement:

"You'll hear that the defendant was a pretty heavy drinker, and at this point I'm going to say that the drinking isn't something we are saying makes him more likely to do this but we are talking about an incident where the defendant, as [the

---

[1] We review defendant's assignments of error in the order in which they occurred at trial.

victim] will describe it, had been drinking, and you can use your common sense as to how judgment can be affected in that situation.''

Defendant timely moved for a mistrial on the ground that those remarks were unfairly prejudicial.

■■    We review the denial of a motion for mistrial for an abuse of discretion. *State v. McCartney*, 65 Or App 766, 768, 672 P2d 1210 (1983), *rev den* 296 Or 638 (1984). In evaluating whether the court abused its discretion in denying the motion for mistrial, we look to the particular facts of this case. The decisive issue is whether defendant's ability to receive a fair trial was impaired. *State v. Grenawalt*, 86 Or App 96, 98, 738 P2d 232, *rev den* 304 Or 405 (1987).

■    Defendant's argument is directed solely to the admissibility of the subsequent *testimony* to which the prosecutor's statements referred. He does not assert that the statements themselves impaired his ability to receive a fair trial. We note that the prosecutor's remarks were brief and limited to his opening statement. The court gave the following instruction:

''The attorney's statements and argument are not evidence.''

Given that context, we conclude that the prosecutor's remarks did not impair defendant's ability to receive a fair trial. The court did not err in denying defendant's first motion for mistrial.

■    Defendant also argues that his evidentiary objection should have been sustained because the following testimony was unfairly prejudicial:

''[Prosecutor]:   Now, during April of 1990 [*sic*], how would you characterize or were you familiar with whether the defendant was consuming alcohol at that time?

''[Victim's mother]:   Yeah.

''[Defense Attorney]:   Your Honor, I object to this line of questioning.

''The Court:   I'll overrule the objection.''

That objection was not adequate to preserve the claimed error, because it did not identify the ground on which defendant now challenges the ruling on appeal. *Frangos v.*

*Edmunds*, 179 Or 577, 602, 173 P2d 596 (1946). Accordingly, we do not review it. *See* ORAP 5.45(4).

■        Next, defendant assigns error to the court's denial of his second motion for mistrial. During the direct examination of Taylor, the following exchange took place:

"[Prosecutor]:   Officer, can you tell the jury, please, what the [victim's] demeanor was when she was talking to you?

"A:   She seemed very forthright, organized."

Defendant promptly objected and moved for a mistrial on the ground that Taylor's answer was an impermissible comment on the credibility of the victim. The court sustained the objection, instructed the jury to disregard the statement and denied defendant's motion for mistrial. Defendant argues that his motion should have been granted, because Taylor's statement that the victim was "forthright" implies that she was "truthful."

It is possible that a juror could associate the word "forthright" with truthfulness.[2] However, in the context of the questions asked, Sgt. Taylor's use of the terms "forthright [and] organized" was more likely understood as his assessment of the manner in which the victim spoke during the interview. In any event, defendant's objection was sustained and the statement was not received. The jury was instructed to disregard the statement and, given the context of the question, we do not believe that the statement was of such magnitude that the jury could not follow the instruction and disregard the statement. *See State Atkinson*, 28 Or App 909, 917, 562 P2d 978 (1977). The court properly denied defendant's second motion for mistrial.

Finally, defendant assigns error to the denial of his motion for a mistrial based on the prosecutor's comments during closing argument. The prosecutor said:

"And there were two eyewitnesses to this crime, the defendant—"

Defendant objected. After deciding to rule later on the objection, the court permitted the prosecutor to continue. Shortly

---

[2] *Webster's New World Dictionary* 549 (2d College ed. 1984), defines forthright as, "1. orig., going straight forward; 2. straightforward; direct; frank."

thereafter, the prosecutor said:

"[T]here is nothing that contradicts that child's testimony. There is nothing that contradicts her mother's testimony."

Defendant moved for a mistrial on the ground that the prosecutor's arguments constituted an impermissible comment on his decision not to testify. The court denied the motion and instructed the jury that

"[a] defendant has an absolute constitutional right not to testify. Therefore, a defendant's decision not to testify cannot be considered as an indication of guilt."

A criminal defendant has an absolute constitutional right not to testify, and the exercise of that right cannot be used against the defendant. *State v. Madison*, 93 Or App 182, 187, 760 P2d 1384 (1988). Although prejudice will be presumed when the prosecutor brings to the jury's attention the defendant's failure to testify, *see State v. Halford*, 101 Or App 660, 662-63, 792 P2d 467 (1990), that rule does not prohibit the prosecutor from arguing forcefully that the state's evidence is uncontroverted. There is, admittedly, a tension between the defendant's right not to testify and the prosecutor's responsibility to zealously argue for a finding of guilt. That tension is recognized and resolved in most cases by the general instruction that a defendant's failure to testify cannot be considered as an indication of guilt and should not be commented on or in any way considered by the jury during its deliberations.

Here, it is unlikely that the comment about eyewitnesses would be understood by jurors as a veiled reference to defendant's failure to testify. The prosecutor's statement about uncontroverted testimony refers broadly to "nothing that contradicts." There is no direct reference to defendant's decision not to testify.

Affirmed.