Argued and submitted September 25, affirmed October 23, 2002

Julie H. McFARLANE,
as Guardian Ad Litem for
Diana Valdez, a Minor Child,
*Respondent,*

*v.*

PONY EXPRESS COURIER CORPORATION,
aka Pony Express Delivery Services, Inc.,
*Appellant,*

*and*

William COLTON,
*Defendant.*

9902-02149; A109638

60 P3d 543

M. Elizabeth Duncan argued the cause for appellant. With her on the briefs were Greene & Markley, P.C., I. Franklin Hunsaker, and Bullivant Houser Bailey, P.C.

Roy Pulvers argued the cause for respondent. With him on the brief were Glen McClendon and Lindsay, Hart, Neil & Weigler, LLP.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff is the guardian ad litem for a child who suffered traumatic brain injuries when one of defendant's delivery trucks jumped a curb and struck her.[1] Plaintiff initiated this action for negligence. Defendant admitted fault, and the case went to trial on damages only. The jury awarded $5,494,000 in economic damages and over $10,000,000 in noneconomic damages. Defendant appeals, advancing three assignments of error. First, it contends that the trial court erred in failing to order the disclosure of a medical study on which one of plaintiff's experts relied. Second, it contends that the trial court erred in failing to exclude the testimony of one of plaintiff's experts as a sanction for alleged discovery violations. Third, it contends that the trial court erred in failing to admit into evidence records from the Oregon State Office for Services to Children and Families and the Montana Department of Family Services concerning abuse and neglect that the child suffered before the accident. We affirm.

■     We begin with the contention that the trial court should have ordered disclosure of the medical study and with the undisputed facts relevant to that contention. Approximately two months before trial, defendant requested an itemization of claimed past and future medical expenses. Plaintiff responded with a list of more than $8 million in future medical expenses. Defendant filed a motion to compel production of documents substantiating the claim. The motion was denied.

On the first day of trial, defendant sought a hearing, pursuant to OEC 104(3), as to the admissibility of any scientific opinions that plaintiff might offer pertaining to the child's future condition, needs, care, or future medical and other expenses.[2] In response, plaintiff argued that a Rule 104 hearing was not necessary because the experts' testimony

---

[1] Plaintiff also named as a defendant the driver of the delivery truck. The trial court later entered a stipulated judgment of dismissal as to the driver and he is not a party to this appeal.

[2] We express no opinion on the propriety of a motion for a Rule 104 hearing as a means of ascertaining expert testimony that otherwise is not discoverable under the Oregon Rules of Civil Procedure.

implicated no issues as to the validity of any particular scientific method or technique. Plaintiff submitted a confidential affidavit and offer of proof as to what her expert testimony would establish at trial. The affidavit identified the child's two primary treating physicians as plaintiff's expert witnesses, who, among other things, were prepared to testify that the professional literature is "replete" with articles that substantiate a "bleak" long-term prognosis for children who suffer severe traumatic brain injuries. The offer of proof identified three journal articles as examples. One of those articles was a 1999 article from the American medical journal *Brain Injury*, based on a longitudinal medical study conducted in Finland and denominated by the parties as the "Finnish study."

The trial court decided to hold a Rule 104 hearing. Defendant requested that it be permitted to examine the confidential offer of proof in advance of the hearing. The trial court declined the request. Defendant stated: "I'd like, for the record, my position is I should get it now. And I'm taking an exception that I'm not getting it now." The trial court replied that "[y]ou can make any further motion you have based on what you see at that time."

Defendant did not make any further motions. The court provided defendant with the confidential submission at the Rule 104 hearing shortly before permitting it to cross-examine plaintiff's only expert witness, Dr. Gaebler. Included in the materials was a copy of the Finnish study. After reviewing the Finnish study overnight, defendant cross-examined Gaebler. At the conclusion of the hearing, the trial court concluded that plaintiff's expert testimony was admissible, and Gaebler testified at trial.

On appeal, defendant frames its first assignment of error in the following terms:

"The trial court erred by refusing to release the plaintiff's in-camera submission to defendant until immediately before defendant's cross-examination of plaintiff's expert during the Rule 104 hearing * * *."

According to defendant, the failure of the trial court to order the disclosure of the Finnish study before the Rule 104 hearing amounted to legal error both because it violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and because it prevented defendant from being able to prepare sufficiently effective cross-examination to permit the trial court adequately to evaluate the admissibility of the testimony under *State v. Brown*, 297 Or 404, 687 P2d 751 (1984), and its progeny. Plaintiff argues, among other things, that the assignment is unpreserved. We agree with plaintiff.

Defendant's objection, in its entirety, was: "I'd like, for the record, my position is I should get it now. And I'm taking an exception that I'm not getting it now." Defendant never suggested to the trial court that it was *obligated* to order the disclosure of the Finnish study before the Rule 104 hearing, much less that the Due Process Clause or *Brown* created that obligation. At best, defendant's brief comment told the court that it disagreed with the court's ruling, not the substance of that disagreement.

■    In *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998), the Supreme Court explained:

> "[F]or purposes of preserving error, it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised. Although that principle imparts some degree of liberality to the preservation requirement, it does not transform that requirement into a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial. Instead, in considering whether an objection at trial raised the 'issue' being advanced on appeal, an appellate court must view the facts in light of the purposes of fairness and efficiency that underlie the requirement."

(Citation omitted.) The purposes of "fairness and efficiency" include providing the trial court with an explanation of an objection that is "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

■ ■ Thus, for example, a defendant's statement that "I take exception" to the trial court's decision not to deliver a particular jury instruction is insufficient to preserve a challenge on appeal based on the Due Process Clause. *State v. Castrejon*, 317 Or 202, 209, 856 P2d 616 (1993). Similarly, a defendant's statement that "I object to this line of questioning" is insufficient to preserve a contention on appeal that the questioning was unfairly prejudicial. *State v. White*, 119 Or App 424, 427-28, 850 P2d 1158, *rev den*, 317 Or 486 (1993); *see also Jett v. Ford Motor Company*, 183 Or App 260, 269, 52 P3d 441 (2002) ("We would take exception to that instruction" is not sufficient to challenge legal sufficiency of negligence instruction on appeal.).

Defendant insists that those cases "simply don't apply here," because the contents of the Finnish study were unknown at the time of the objection. But defendant does not explain, and we do not understand, why that makes any difference. Defendant's argument on appeal is that considerations of due process and the "gatekeeping" function imposed by *Brown* require early disclosure of scientific studies. The obligation, if any, exists regardless of what the scientific studies actually contain. That being so, defendant's ignorance of the contents of the Finnish study provides no excuse for failing to articulate to the trial court a cognizable legal objection to the court's decision not to order its early disclosure.

■ Under the rubric of the same assignment of error, defendant also asserts that the trial court erred in concluding that Gaebler's testimony was admissible and, indeed, that we must determine, on *de novo* review, whether that testimony is admissible under *Brown* and the cases following it. Plaintiff argues that that contention goes well beyond the actual assignment and, in any event, was not preserved. We again agree with plaintiff. There is no assignment of error in defendant's brief to the separate ruling as to the admissibility of Gaebler's testimony. *See* ORAP 5.45(2) ("Each assignment of error shall be separately stated * * *."). And a challenge to the trial court's ruling on the admissibility of Gaebler's testimony cannot be regarded as fairly encompassed by a challenge to the trial court's ruling on the timing of the disclosure

of a report on which Gaebler relied. We reject defendant's contention without further discussion.

■　We turn to defendant's second assignment of error, that the trial court should have excluded Gaebler's testimony as a sanction for discovery violations. As we have described, before trial, defendant moved to compel production of documents pertaining to plaintiff's claim of future medical expenses. The trial court denied the motion. At trial, defendant objected to the testimony of Gaebler on the ground that it was to be based in part on the Finnish study, which plaintiff had failed to disclose in response to earlier production requests. Defendant suggested that, as a sanction for the alleged discovery violation, Gaebler should not be permitted to testify. The trial court concluded that there had been no discovery violation and that, even if there had been, under the circumstances, exclusion of the testimony was not appropriate. On appeal, defendant argues that the trial court erred in allowing Gaebler to testify. Plaintiff argues that there was no abuse of discretion.

■　We review a trial court's ruling on a motion for sanctions for a discovery violation for abuse of discretion. *Weber v. Mahler*, 163 Or App 186, 189-90, 986 P2d 1273 (1999). In this case, even assuming that there was an obligation to disclose the Finnish study in response to defendant's request for production of documents, defendant fails to explain why it was an abuse of discretion for the court to have declined to impose the requested sanction. We affirm without further discussion.

That leaves defendant's contention that the trial court should have ordered the disclosure of certain records maintained by the Oregon and Montana child protective authorities. Defendant concedes that this court decided that matter adversely to its position on appeal in *Kahn v. Pony Express Courier Corp.*, 173 Or App 127, 131-52, 20 P2d 837, *rev den*, 332 Or 518 (2001), and states that it asserts the matter only to preserve it for possible review by the Supreme Court. Accordingly, we affirm on that assignment as well.

Affirmed.