Argued and submitted March 11; reassigned July 14, decision of the Court of Appeals reversed; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings August 4, 1994

Ira PAMPLIN
and Loretta Pamplin,
*Petitioners on Review,*

*v.*

Shermona Lynn VICTORIA,
*Respondent on Review.*

(CC 16-91-06925; CA A75958; SC S40867)

877 P2d 1196

Kevin Keaney, of Pozzi, Wilson & Atchison, Portland, argued the cause and filed the petition for petitioners on review.

Michael H. Long, of Brown, Roseta, Long & McConville, Eugene, argued the cause for respondent on review.

Helen T. Dziuba, Lake Oswego, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

GRABER, J.

**GRABER, J.**

This case involves the application of ORCP 46 B(2)(c), which provides in part:

"If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"(c) An order * * * dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

We hold that a trial court that imposes the sanction of dismissal under ORCP 46 B(2)(c) must make findings of fact and must explain why that sanction is "just"; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party that sought recovery is not required.

In August 1991, plaintiffs filed this action against defendant to recover damages for personal injuries suffered in an automobile collision in 1989. Defendant answered, and the trial court set a trial date of July 7, 1992.

In October 1991, defendant served on plaintiffs a request for production of documents, pursuant to ORCP 43. Among other things, the request for production sought bills "relating to plaintiffs' medical examinations and treatment for injuries stemming from the automobile collision," reports and chart notes regarding the injuries described in the complaint or similar or related injuries, and tax returns.

Plaintiffs did not respond to several requests for that information. On March 4, 1992, defendant filed a motion to compel production of the documents, pursuant to ORCP 46 A. Plaintiffs filed no response to the motion. On April 9, 1992, the trial court granted defendant's motion and ordered plaintiffs to respond to the request for production of documents within 10 days.

On April 24, 1992, defendant filed a motion to dismiss the complaint, pursuant to ORCP 46 B(2)(c), as a sanction for plaintiffs' failure to provide discovery. Defendant asserted that plaintiffs had failed to provide the discovery

materials requested, even after entry of the order compelling discovery, and that that failure had "made it impossible for the defendant to prepare a defense or to evaluate the claims."

Thereafter, plaintiffs filed a response to the motion to dismiss; defendant filed a reply; and plaintiffs filed an amended response. Those documents disclose substantial factual differences between the parties concerning the requested discovery, on issues including (1) the number and content of the parties' communications concerning the documents sought, (2) the time when plaintiffs learned of the April 9 order compelling discovery, (3) the reasons, if any, why plaintiffs did not comply with the April 9 order in a timely manner, and (4) the veracity of plaintiff's statements that some of the requested documents did not exist. With their response to defendant's motion to dismiss, plaintiffs enclosed some documents and also attached a copy of their formal response to the discovery request. In the response to the motion to dismiss, reply, and amended response to defendant's motion to dismiss, the parties disputed the extent to which the discovery material that was provided complied with defendant's request, the degree to which the tardiness of compliance may have prejudiced defendant, and the importance to defendant's trial preparation of material that was not provided.

At the hearing on defendant's motion to dismiss, counsel for the parties repeated to the trial court some of the disagreements described above. Both counsel declined the court's invitation to call witnesses.

The trial court granted defendant's motion to dismiss the action. The court did not make oral or written findings of fact.

Plaintiffs appealed. Among other assertions,[1] they argued that the trial court erroneously failed to make findings of fact and that defendant had failed to show prejudice to her or willful disobedience on the part of plaintiffs, which (plaintiffs asserted) are prerequisites to dismissal under ORCP 46 B(2)(c). The Court of Appeals held that ORCP 46 B(2)(c) does not require a party to make those showings, that the rule does

---

[1] Plaintiffs raised two other assignments of error before the Court of Appeals that they do not renew before this court.

not require findings, and that the trial court did not abuse its discretion. The Court of Appeals affirmed the sanction of dismissal of plaintiff's complaint with prejudice. *Pamplin v. Victoria*, 123 Or App 388, 859 P2d 1185 (1993). On review, we reverse and remand.

ORCP 46 B(2)(c) is a statute, to which we apply the usual method of statutory interpretation. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (setting forth methodology). The text of ORCP 46 B(2)(c) does not expressly state whether the party seeking discovery must show prejudice to it or willful disobedience by the other party. That rule does, however, require the sanction imposed to be "just," and a prerequisite for imposition of a sanction is that a party "fails to obey an order to provide or permit discovery." Those phrases in ORCP 46 B(2)(c) could, in context, plausibly be read to suggest the requirements that plaintiffs urge us to adopt; but the text and context are not definitive. We turn, therefore, to the legislative history of the rule.

ORCP 46 B(2)(c) is almost identical in wording to FRCP 37(b)(2)(C)[2] and was based thereon.[3] ORCP 46 B(2)(c) originally was promulgated by the Council on Court Procedures on December 2, 1978, and submitted to the Legislative Assembly at its 1979 Regular Session pursuant to ORS 1.735. It took effect in 1980. Because the Oregon rule is almost identical to the federal one and was based on it, decisions of the Supreme Court of the United States concerning FRCP 37(b)(2)(C) that predated the adoption of the Oregon counterpart inform us as to the intent of the Oregon lawmakers. *See State v. Stockfleth/Lassen*, 311 Or 40, 50, 804

---

[2] FRCP 37(b)(2)(C) provides in part:

"If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"* * * * *

"(C) An order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]"

Although the Federal Rules of Civil Procedure were amended in 1993, FRCP 37(b)(2) was not changed.

[3] The staff comment of the Council on Court Procedures states: "This rule is based upon Federal Rule 37[.]" Kloppenberg, Oregon Rules of Civil Procedure: 1994 Handbook 132 (1994).

P2d 471 (1991) ("when Oregon adopts the statute of another jurisdiction, the legislature is presumed also to adopt prior constructions of the statute by the highest court of that jurisdiction").

■      We first consider whether, as plaintiffs contend, a finding of willful disobedience on the part of the disobedient party is required. In *Societe Internationale v. Rogers*, 357 US 197, 78 S Ct 1087, 2 L Ed 2d 1255 (1958), the federal district court for the District of Columbia had dismissed with prejudice a complaint in a civil action, pursuant to the then-current version of FRCP 37(b)(2)(iii). The Supreme Court reversed. The disobedient party argued that compliance with the discovery request would constitute a violation of the Swiss Penal Code and thus would subject it to criminal prosecution. 357 US at 200. The Supreme Court held:

> "Rule 37 should not be construed to authorize dismissal of this complaint because of [the disobedient party's] noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to *willfulness, bad faith, or any fault* of petitioner." *Id.* at 212 (footnote omitted; emphasis added).

By implication, the Supreme Court's decision in *Rogers* appears to mean that dismissal under FRCP 37(b)(2) is justified when there is willfulness, bad faith, or fault of a similar degree on the part of the disobedient party. Because we presume that the legislature adopted that construction of FRCP 37(b)(2) when it enacted ORCP 46 B(2)(c), we hold that, under ORCP 46 B(2)(c), a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required.

■      Plaintiffs also argue that, in order to justify dismissal under ORCP 46 B(2)(c), the party seeking discovery must show prejudice to it. A decision of the United States Supreme Court under the federal counterpart, predating adoption of that Oregon rule, suggests otherwise.

The Supreme Court upheld the dismissal of an action under FRCP 37(b)(2) in *National Hockey League v. Metro. Hockey Club, Inc.*, 427 US 639, 96 S Ct 2778, 49 L Ed 2d 747 (1976). The district court in that case had detailed the factual

history of the discovery proceeding, noting the repeated non-compliance of the plaintiffs and finding that their practices exemplified "bad faith." 427 US at 640. The Third Circuit accepted those facts but reversed, concluding that there were "extenuating factors." *Id.* at 641. The Supreme Court reversed the Third Circuit, stating:

> "The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing. Certainly the findings contained in the memorandum opinion of the District Court quoted earlier in this opinion are fully supported by the record. We think that the lenity evidenced in the opinion of the Court of Appeals, while certainly a significant factor in considering the imposition of sanctions under Rule 37, cannot be allowed to wholly supplant other and equally necessary considerations embodied in that Rule.

> "* * * * *

> "But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other District Courts. Under the circumstances of this case, we hold that the district judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities." 427 US at 642 (citations omitted; emphasis in original).

The Supreme Court's emphasis on the deterrent effect of FRCP 37 sanctions suggests that the rule itself is concerned with prejudice to the operation of the legal system, rather than with prejudice to the party seeking discovery.

Moreover, in those two cases, the focus of the Court's discussion was on the conduct of the disobedient party, to the exclusion of the effect of that conduct on the party seeking discovery. Additionally, the passage just quoted stressed the need for flexibility and discretion on the part of the trial judge. Finally, the words of the rule allow the sanction of dismissal to be applied whenever it is "just" to do so. Prejudice to the party seeking discovery is one reason why dismissal may be "just," but that circumstance also can occur without specifically identified prejudice to that party. Accordingly, we hold that, under ORCP 46 B(2)(c), a finding of prejudice to the party seeking discovery is not required.

■  We turn now to consideration of whether findings of fact are required to support the sanction of dismissal under ORCP 46 B(2)(c).

In a similar context, this court has noted the importance of findings for "meaningful review by an appellate court." *Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990). *Mattiza* involved an award of attorney fees under ORS 20.105(1).[4] Although that statute does not expressly require findings, this court held that findings are required, reasoning:

> "Although, in the absence of a request for special findings by one of the parties, the court 'may' make special or general findings, ORCP 62 A, the award of attorney fees under ORS 20.105(1) is a situation in which special findings are a prerequisite to meaningful review by an appellate court." 311 Or at 10 (citations omitted).

■■  Here, as in *Mattiza*, the sanction of dismissal under ORCP 46 B(2)(c) is a "situation in which special findings are a prerequisite to meaningful review by an appellate court." As discussed above, that sanction is appropriate only when it is "just" and only when there is willfulness, bad faith, or other fault of like magnitude by the disobedient party. To assess the

---

[4] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

propriety of imposing that sanction, an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose it and (2) the analytical process by which the trial court concluded that dismissal is "just" in view of those facts and in view of the other sanctions that are available. The present case provides a classic example of the difficulty of meaningful appellate review, because of the unresolved factual questions in the record.

In summary, we hold that a trial court that imposes the sanction of dismissal under ORCP 46 B(2)(c) must make findings of fact and must explain why that sanction is "just"; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party seeking discovery is not required.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.