Argued and submitted December 4, 1996, reversed and remanded for further
proceedings on appeal; cross-appeal deemed moot March 12, 1997

Ronald C. STASCH
and Sandra R. Stasch,
*Appellants - Cross-Respondents,*

*v.*

'69 INVESTMENT, INC.,
an Oregon Corporation,
David Dreiling,
Prudential Real Estate Professionals,
an Oregon Real Estate Organization,
*Respondents - Cross-Appellants,*

*and*

Donovan R. STEWARD,
*Defendant.*

(93C11665; CA A88675)

934 P2d 630

Gary Roberts argued the cause for appellants - cross-respondents. With him on the briefs was Schwabe, Williamson & Wyatt.

Christine A. Kosydar argued the cause for respondent - cross-appellant '69 Investment, Inc. With her on the briefs were Keith M. Garza and Stoel Rives LLP.

Norman F. Webb argued the cause and filed the briefs for respondents - cross-appellants David Dreiling and Prudential Real Estate Professionals.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

This is an action for common-law fraud and statutory violations arising out of plaintiffs' purchase of a parcel of real property. The trial court dismissed the action as a sanction for plaintiffs' failure to appear for depositions. Defendants then moved for an award of attorney fees on the basis of a fee provision in the real estate sales agreement executed by the parties, but the trial court denied the motion on the ground that this is a tort action, and thus, the contractual fee provision is inapplicable. On appeal, plaintiffs contend that the trial court failed to make findings that are required before imposing the sanction of dismissal. On cross-appeal, defendants assign error to the trial court's denial of their motion for attorney fees. We agree with plaintiffs on the appeal and reverse and remand for further proceedings. Because of our reversal on the appeal, we do not reach the trial court's decision as to attorney fees.

The facts are much in dispute, but those relevant to the disposition of the appeal are uncomplicated. On June 9, 1993, plaintiffs filed their complaint in this action alleging that defendants made numerous misrepresentations in connection with the sale of certain real property. Defendants, who are the owners of the real property and the real estate brokers who represented the owners in the sale, answered the complaint.[1] Little discovery ensued. The trial court initially set the trial to begin on November 7, 1994, but, at defendants' request, postponed the trial to January 17, 1995. In October 1994, defendants sent plaintiffs a request for production of documents within two weeks and a notice of depositions for plaintiffs to appear on November 14, 1994. According to defendants, plaintiffs did not respond to either. They contend that counsel for plaintiffs merely sent a letter saying that he was very busy and would respond at a later date. Plaintiffs contend that their counsel was seriously ill at the time and busy with other matters and that he did respond to the request for production in substantial part. As for the depositions, plaintiffs contend that their counsel sent a letter to defendants on October 25, 1994, explaining that plaintiffs

---

[1] Defendant Donovan R. Steward was dismissed by stipulation.

could not appear for depositions on November 14, 1994, because they were scheduled to give depositions in another case on the same date. Defendants acknowledge receipt of the letter, but contend that plaintiffs' counsel promised to reschedule the depositions and failed to do so.

On November 23, 1994, defendants moved to dismiss the action as a sanction for plaintiffs' failure to attend their scheduled depositions. At the hearing on the motion, the trial court commented:

> "I do find the delay at this point to be attributable to plaintiffs. * * * I'm going to have to think about what kind of a position this puts the defense in. That's the only thing that could prevent, at this point, my taking it. The only thing that could prevent this motion from being granted is an assurance that these [depositions] will be accomplished by December 12."

Apparently, plaintiffs agreed to a deposition schedule.[2] Nevertheless, the following day, the trial court issued a letter, in which it made the following findings and conclusions:

> "I have reviewed the affidavits submitted, the proposed expedited partial deposition schedule and ORCP 46 and conclude that the defendants are unreasonably prejudiced in their trial preparation and that dismissal is warranted under ORCP 46 D and ORCP 46 B(2)(c)."

The trial court later entered an order that contained the same findings and conclusions.

Plaintiffs contend that the trial court erred in dismissing their claims without first making certain required findings. Specifically, plaintiffs contend that, under the Supreme Court's decision in *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), the sanction of dismissal may not be imposed for discovery violations without finding willfulness, bad faith or fault of a similar degree on the part of plaintiffs and without explaining why a less onerous sanction would not suffice under the circumstances. Defendants acknowledge that *Pamplin* requires certain findings but contend that

---

[2] Plaintiffs agreed to be deposed on December 8 and 9. They also agreed to schedule a deposition of a nonparty witness during the week of December 12.

the trial court's findings in this case were sufficient. Specifically, they contend that the trial court's findings that the delay in discovery was "attributable" to plaintiffs and that the delay "unreasonably prejudiced" defendants were sufficient. Defendants do not explain how those findings satisfy the requirement that the court explain why a lesser sanction than dismissal is not appropriate. They do, however, urge us to affirm the dismissal on the independent ground that the trial court could as well have dismissed the case on the ground that plaintiffs failed to prosecute their case diligently.

The trial court cited as the basis for its decision ORCP 46 B(2)(c) and ORCP 46 D. The former rule provides, in relevant part:

> "B(2)   If a party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:
>
> "* * * * *
>
> "B(2)(c)   An order * * * dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

ORCP 46 B(2)(c). The latter rule provides, in relevant part:

> "If a party * * * fails (1) to appear before the officer who is to take the deposition of that party or person, after being served with a proper notice, or (2) to comply with or serve objections to a request for production and inspection * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just, including among others it may take any action authorized under subsection B(2) * * * (c) of this rule."

ORCP 46 D.

In *Pamplin*, the Supreme Court addressed the extent to which certain findings are required as a prerequisite to the dismissal of an action as a sanction imposed under ORCP 46 B(2)(c). The court noted that the language of the rule does not explicitly require any particular findings, only that a court's order imposing sanctions be "just." The court

nevertheless held that, because the rule was based on a similarly worded federal rule, which had been interpreted by federal courts to require particular findings, and because the Oregon legislature is presumed to have adopted the preexisting federal court construction when it enacted the rule itself, the rule must be taken to require similar findings.

In that light, the court first considered whether a disobedient party must have acted with some measure of fault as a condition of dismissal. The court noted that federal courts previously had construed the federal rule counterpart of ORCP 46 B(2)(c) requiring that dismissal not be ordered in the absence of willfulness, bad faith or similar degree of fault on the part of the party against whom the sanctions were ordered. On the basis of that case law, the court concluded:

> "[W]e hold that, under ORCP 46 B(2)(c), a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required."

*Pamplin*, 319 Or at 434.

The court next addressed whether prejudice to the party seeking dismissal is required. Because federal case law emphasizes that the purpose of the federal rule is to avoid prejudice to the legal system itself, not parties seeking discovery, the Supreme Court held that, although prejudice may be a reason why dismissal is a "just" sanction, it is not required. *Id.* at 436.

Finally, the Supreme Court addressed whether specific findings of fact are required of the trial courts. Citing the need for findings as a prerequisite to meaningful review by an appellate court, the court held that specific findings are required:

> "To assess the propriety of imposing [the] sanction [of dismissal], an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose it and (2) the analytical process by which the trial court concluded that dismissal is 'just' in the view of those facts and in view of the other sanctions that are available."

*Id.* at 436-37.

On remand, we understood the Supreme Court's decision to require express findings not merely that the party disobeying the court's orders have acted in bad faith or similar degree of fault, but also that lesser sanctions are not appropriate:

> "In our view, that means that the ultimate sanction of dismissal should not be imposed without considering whether less onerous sanctions are available. * * * Dismissal under circumstances that defeat a litigant's right to redress grievances in the courts should be a punishment of last, rather than first, resort."

*Pamplin v. Victoria*, 138 Or App 563, 567, 909 P2d 1245 (1996).

■ With the foregoing authorities in mind, we turn to the disposition of this case. We note at the outset that the trial court's decision was expressly predicated on ORCP 46 B(2)(c) and ORCP 46 D. The former rule applies only when a party "fails to obey an order" of the court compelling discovery. There was no such order in this case, so ORCP 46 B(2)(c) does not apply. ORCP 46 D, in contrast, requires no previous court order; it is triggered by the failure of a party to appear for a scheduled deposition after proper notice or failure to comply with a properly served request for production. Whether the court's decision may be upheld, therefore, rests on whether the court complied with the requirements of ORCP 46 D.

■ The Supreme Court's *Pamplin* decision, strictly speaking, was limited to its construction of the requirements of ORCP 46 B(2)(c) and did not involve ORCP 46 D. The basis of the court's decision, however, was its construction of the requirement in ORCP 46 B(2)(c) that the court's order of sanctions be "just," and the identical language appears in ORCP 46 D. Moreover, ORCP 46 D expressly refers to ORCP 46 B(2)(c) in listing the possible actions the court is authorized to take in response to a failure of a party to appear for deposition or respond to a request for production. Consequently, we conclude that the findings that the Supreme Court held are necessary to evaluate whether a sanction is "just" under ORCP 46 B(2)(c) are the same findings that are

necessary to evaluate whether sanctions are "just" under ORCP 46 D.[3]

■     That being the case, the disposition of this case is a certainty. First, there are no findings of historical fact that provide the basis for the trial court's decision, as required by the Supreme Court in *Pamplin*. 319 Or at 436-37. Second, there is no explanation of "the analytical process by which the trial court concluded that dismissal is 'just.' " *Id.* at 437. In particular, there are no findings of willfulness, bad faith or similar degree of fault on the part of plaintiffs. Likewise, there is no explanation as to why the sanction of dismissal is appropriate in view of other possible sanctions. The trial court did not explain, for example, why it failed to accept the proposed expedited deposition schedule submitted by the parties and why it failed to require of plaintiffs something less drastic than the dismissal of their entire case.

■     We reject defendants' contention that the trial court's comment that the delays in this case were "attributable" to plaintiffs amounts to a finding of bad faith. On the record before us, we have no way of knowing whether the court attributed plaintiffs' inability to be present on mere negligence, or on some greater degree of fault. We are equally unpersuaded by defendants' argument that the court's finding that defendants were prejudiced by the discovery delays is sufficient to warrant dismissal. Although, as the Supreme Court made clear in *Pamplin*, prejudice to a party certainly is a relevant consideration, it by no means follows that such prejudice always flows from bad faith, willfulness or similar degree of fault. Prejudice may also flow from negligence or from delays that are not the result of anyone's fault. And, on the record before us, we cannot ascertain whether the trial court concluded that the prejudice that defendants suffered

---

[3] We implicitly arrived at the same conclusion in *Pamplin* on remand. After the Supreme Court's decision construing the requirements of ORCP 46 B(2), the defendant argued that the trial court dismissed the action on the alternate ground of ORCP 46 D and that we should affirm on that basis. We concluded that the trial court's decision could not be affirmed on that basis, because the court had failed to explain why dismissal was the most appropriate sanction, as opposed to some lesser sanction, in accordance with the Supreme Court's decision in *Pamplin*. We did not explain our application of *Pamplin,* an ORCP 46 B(2)(c) decision, to ORCP 46 D. We do so in this case.

occurred as a result of justifiable inability to be present, negligence or some greater degree of fault.

We conclude, therefore, that the trial court erred in ordering the dismissal of this action as a sanction for failing to appear for depositions, and we remand for further proceedings. We decline to entertain defendants' suggestion that we should affirm because the trial court could have dismissed this action on the alternative ground that plaintiffs failed diligently to prosecute. It simply does not follow that, merely because a trial court in the exercise of its discretion perhaps *could have* dismissed the action on an alternative ground, the court *should have* or *would have* done so; not even defendants suggest that the court was required, as a matter of law, to dismiss the action for want of prosecution. As an appellate court, we review discretionary decisions that trial courts actually make. We do not speculate whether it might have been an abuse of discretion for a trial court to have made a decision that it did not, in fact, make.

On appeal, reversed and remanded for further proceedings; cross-appeal deemed moot.