Argued and submitted January 15, affirmed June 2, petition for review denied November 30, 1999 (329 Or 527)

**SAIF CORPORATION,**
a public corporation,
*Respondent,*

*v.*

**Nita J. HARRIS,**
dba Oak Hill Roofing,
*Appellant.*

**(95C-12509; CA A98928)**

983 P2d 1066

Steven M. Lippold argued the cause for appellant. With him on the briefs was Clark, Lindauer, McClinton, Fetherston, Edmonds & Lippold.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Edmonds, Judge, and Rossman, Senior Judge.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from the trial court's denial of a motion to set aside a judgment by default, ORCP 71, and a subsequent denial of a motion to set aside both the order of default, ORCP 69 C, and the judgment. We affirm.

Plaintiff, SAIF Corporation, brought an action against defendant, the owner of a roofing company, for unpaid workers' compensation premiums. Defendant had been audited by SAIF and had failed to make a timely administrative appeal from a final billing. On August 15, 1995, plaintiff brought this action seeking $22,518 for the alleged amount of unpaid premiums, $225,180 in statutory damages under ORS 656.758[1] and $75,000 in punitive damages.

Within three weeks of the filing of its complaint, plaintiff requested the production of certain documents from defendant. Subsequently, defendant filed an answer denying that she had misrepresented the amount of her payroll and asserting that if any violation occurred under ORS 656.758, it was not willful. In December 1995, plaintiff acknowledged in a letter to defendant that it had received some requested documents, but not all of them. In April 1996, plaintiff filed a motion to compel defendant to produce the remainder of the documents. Defendant did not respond to the motion, and on May 15, the trial court granted plaintiff's motion. A week later, defendant submitted a memorandum opposing plaintiff's motion to compel, arguing that the requests raised questions regarding federal and state constitutional guarantees against self-incrimination. In June, the trial court vacated

---

[1] ORS 656.758(3) provides:

"Any employer who willfully misrepresents to the State Accident Insurance Fund Corporation the amount of the payroll upon which the amount of premium is based shall be liable to the State Accident Insurance Fund Corporation in a sum equal to 10 times the amount of the difference between the amount of such premium computed according to the representation thereof by such employer and the amount for which the employer is liable under this chapter according to a correct computation of the payroll. Such liability shall be enforced in a civil action in the name of the State Accident Insurance Fund Corporation and any amount so collected shall become a part of the Industrial Accident Fund."

the order to compel and allowed defendant additional time to comply with the discovery request.[2]

Defendant did not produce the remaining documents, and on November 7 the trial court ordered her to produce them within 30 days. On December 6, plaintiff sent a letter to defendant stating that it intended to seek sanctions for defendant's noncompliance. On December 9, plaintiff filed a motion to strike defendant's answer and sought a default order. Plaintiff's supporting affidavit stated that "[d]efendant has not produced a single document." The next day, defendant delivered 1,026 pages of documents to plaintiff. However, defendant did not respond in court to plaintiff's motion.

On December 27, the trial court told plaintiff that it would grant the motion to strike and enter an order of default because it had not received a response from defendant. Plaintiff submitted a proposed order, and on January 6, 1997, the trial court signed the order. The next day after the order was filed, defendant submitted a response and objection to the motion and order of default.[3]

On January 15, plaintiff moved for a money judgment for the amounts requested in its original complaint and supported its motion with an affidavit of a SAIF audit manager stating facts in support of its contention that defendant had intentionally under-reported her payroll. Again, defendant did not respond to the motion, and the trial court entered judgment against her. In February, defendant moved for relief from the judgment under ORCP 71. In July 1997, the trial court denied defendant's motion for relief from the judgment on the ground that defendant had not also moved against the order of default under ORCP 69 C.[4] Alternatively, it reasoned that because defendant had willfully

---

[2] Apparently, the trial court based its decision on defense counsel's affidavit, which stated that an illness had prevented him from opposing plaintiff's motion in a timely manner.

[3] Defendant argued in her objection that her counsel had not received the motion so that the order came as a surprise and, further, that it was moot as she had substantially complied with the discovery request before the trial court's order of default.

[4] ORCP 69 C provides:

"For good cause shown, the court may set aside an order of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 71 B and C."

failed to comply with the order compelling discovery and had not made the showing required by ORCP 71 B(1)[5] or 71 C,[6] the judgment was proper. Defendant appealed to this court from the order denying her motion.

While the appeal on the denial of the first motion was pending in this court, defendant filed a second motion with the trial court in December 1997, seeking relief from both the order of default and the judgment. In her motion, she argued that the default order should be set aside because less onerous sanctions were available to the court for the discovery violations and because, in her view, ORS 656.758(3) was unconstitutional, thereby rendering the judgment under it void. The trial court denied that motion, ruling that ORS 656.758 was constitutional and that it did not have subject matter jurisdiction over the order of default because of the earlier appeal.[7] Defendant then appealed that denial also.

---

[5] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

[6] ORCP 71 C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

[7] For the convenience of the reader the events are summarized below:

| | |
|---|---|
| August 1995: | Plaintiff seeks discovery. |
| December 1995: | Defendant furnishes some, but not all discovery. |
| April 1996: | Plaintiff files a motion to compel defendant to furnish the remainder of discovery. |
| November 1996: | The court orders defendant to furnish the rest of discovery in 30 days after efforts to procure discovery have failed. |
| December 9, 1996: | Plaintiff files a motion to strike defendant's answer and for an order of default after defendant fails to comply within 30 days. |
| December 10, 1996: | Defendant furnishes discovery of 1,026 pages, but makes no in-court response to plaintiff's motions. |
| January 7, 1997: | The trial court strikes defendant's answer and enters an order of default. |

The appeals were consolidated. Defendant's first assignment of error challenges the denial of her initial motion, and her second assignment of error challenges the denial of the subsequent motion. She makes the following arguments in support of her first assignment of error: first, that neither ORCP 69 C nor ORCP 71 B requires a party to file a motion under ORCP 69 C as a prerequisite to relief; second, that she has demonstrated good cause for relief from the order of default under ORCP 69 C; third, that she has demonstrated the required showing of surprise, mistake, inadvertence or excusable neglect under ORCP 71 B; and fourth, that she is entitled to relief under ORCP 71 C.[8]

An order of default and a judgment by default can be severable for purposes of appeal. *See Denkers v. Durham Leasing Co.*, 299 Or 544, 548, 704 P2d 114 (1985) (holding that "an 'entry of default' and an 'entry of default judgment' are two separate events"). Each has a separate legal effect.[9] An order of default "establishes only the truth of the factual allegations contained in the complaint and does not admit that the facts alleged constitute a valid claim for relief." *Rajneesh Foundation v. McGreer*, 303 Or 139, 142, 734 P2d 871, *on recons* 303 Or 371, 737 P2d 593 (1987). A judgment by default is an adjudication that the pleadings against the defaulting party constitute a claim for relief. *Id.* at 143-44, 146. However, those principles do not preclude us from regarding a motion to set aside a judgment under ORCP 71 as also embracing a motion to set aside the underlying order

| | |
|---|---|
| January 15, 1997: | Plaintiff moves for a judgment by default. |
| January 23, 1997: | The trial court enters a judgment by default. |
| February 10, 1997: | Defendant moves to vacate the judgment by default. |
| July 22, 1997: | The trial court denies defendant's motion, and defendant appeals. |
| December 24, 1997: | Defendant moves to vacate the default order and the judgment. |
| March 20, 1998: | The trial court denies defendant's motion. |

[8] Defendant's remaining argument that the order of default should have been set aside because less onerous sanctions were available was not raised to the trial court in her initial motion but was raised in her second motion. We will consider it in that context only. ORAP 5.45.

[9] ORCP 67 A provides:

" 'Judgment' as used in these rules is the final determination of the rights of the parties in an action[.] * * * 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature."

of default when the order of default, as in this case, has been subsumed by the default judgment. *See King v. Mitchell*, 188 Or 434, 447-49, 214 P2d 993, 216 P2d 269 (1950) (holding, under a previous statute, that a motion to set aside a default judgment can be regarded as also a motion to vacate an order of default).

In this case, defendant's initial motion asserted grounds for relief from both the order of default and the judgment, although it sought only to vacate the default judgment and not the default order. Defendant described the events leading up to the discovery violation and attacked plaintiff for not disclosing to the trial court that defendant had produced some of the documents. Then defendant argued that fairness dictated that she be permitted to proceed to trial and that the controversy be resolved on its merits. Under the circumstances, we will regard defendant's initial motion as seeking to set aside both the judgment and the order of default.

Alternatively, the trial court ruled that defendant had "willfully" failed to comply with the order compelling production and concluded that she had not made an adequate showing to vacate the judgment. We review the trial court's ruling for an abuse of discretion. *Kosatka and Kosatka*, 137 Or App 379, 382, 904 P2d 195 (1995), *rev den* 322 Or 613 (1996). In light of defendant's delays in furnishing discovery and her noncompliance with the trial court's directives, we conclude that the trial court did not abuse its discretion in denying defendant's initial motion under ORCP 71 B and C. Based on the record before it, it was within the trial court's discretion to rule that there was nothing excusable about defendant's failure to furnish complete discovery or to respond timely to pending motions before the court after it had initially vacated its order to compel and granted her additional time to comply with the request.

Defendant next assigns error to the trial court's denial of her second motion. That motion sought relief from the order of default and the judgment. Defendant makes the following arguments in support of her second assignment of error: first, that the trial court had jurisdiction while an

appeal was pending on the earlier order, ORCP 71 B(2); second, that the judgment was void to the extent that it awarded statutory penalties based on an unconstitutional statute; third, that the trial court failed to make appropriate findings and consider less onerous sanctions before entering the order of default; fourth, that plaintiff's proof was insufficient to award statutory damages; and fifth, that the money judgment should not have been entered before she had an opportunity to respond.

■ The trial court ruled that it was without jurisdiction because of the pending appeal on the denial of the initial motion to set aside the judgment. We disagree with the trial court's ruling. Although the order denying the first motion was on appeal, ORCP 71 B and C contemplate separate grounds for the setting aside of a judgment. For example, an intital motion could be based on excusable neglect while a subsequent motion could be based on newly discovered evidence. Nothing in the rules or in ORS 19.270[10] prohibits a court from exercising jurisdiction over the judgment by considering an alternate ground for vacation while an order denying a motion to vacate the judgment is on appeal. *See, e.g.,* ORCP 71 B(2).[11] In other words, what was on appeal and what the trial court did not have jurisdiction over was the *order denying the motion* to set aside the judgment. However, the trial court retained subject matter jurisdiction over the *judgment* and the *order of default.*

■ Defendant argues that the judgment is void because ORS 656.758(3) is unconstitutional. According to defendant, the statute offends due process under the Fourteenth Amendment because it does not provide a method by which the "10 times" penalty can be modified or reviewed. Defendant relies solely on the holding in *Oberg v. Honda Motor Co.,* 320 Or 544, 888 P2d 8 (1995), *cert den* 517 US 1219 (1996), in

---

[10] ORS 19.205(2)(c) permits an appeal from a final order affecting a substantial right and made in a proceeding after judgment. ORS 19.270 provides for jurisdiction in the Court of Appeals and the Supreme Court of the "cause" when the notice of appeal has been served and filed.

[11] ORCP 71 B(2) provides, in part, that "[a] motion under sections A or B may be filed with and decided by the trial court during the time *an appeal from a judgment* is pending before an appellate court." (Emphasis added.)

support of its argument.[12] *Oberg* embraced the understanding that the Due Process Clause imposes a substantive limit of "reasonableness" on what otherwise is an unlimited amount that can be awarded as punitive damages in tort cases by juries or courts and that there must be a vehicle for review for excessiveness of such awards. In contrast, the penalty damage provision of ORS 656.758(3) embodies a different concept. The statute provides for statutorily mandated damages as a presumed, reasonable amount agreed on by the legislature as appropriate to penalize employers for noncompliance with workers' compensation laws and to provide incentive for compliance.

■     Moreover, states have broad authority under the Due Process Clause to provide for the recovery of multiples of damages as penalties in circumstances that they consider particularly reprehensible, so long as they provide reasonable, procedural safeguards for their assessment. *Lindsey v. Normet*, 405 US 56, 78, 92 S Ct 862, 31 L Ed 2d 36 (1972). Here, defendant had available under the applicable law both administrative and judicial processes in which she could contest the amount of the unpaid premiums. We conclude that the holding in *Oberg* is inapposite and that ORS 656.758(3) is not unconstitutional on the ground advanced by defendant. The trial court did not err in denying the motion to set aside the judgment.

■     Because the trial court ruled that it did not have subject-matter jurisdiction to set aside the order of default, it did not reach defendant's argument that it failed to make appropriate findings and to consider less onerous discovery sanctions. Defendant relies on *Pamplin v. Victoria,* 319 Or 429, 877 P2d 1196 (1994), for the proposition that the sanction of an order of default is appropriate only where there are findings of willfulness or bad faith and that here the trial court did not make such a finding, nor is there evidence to support such a finding. Defendant also points out that, under *Pamplin*, the court must set forth "the analytical process by

---

[12] Defendant does not argue that the "10 times" multiplier, as compared to some other multiplier, violates due process. Rather, her argument is framed around the proposition that the states cannot constitutionally impose a mandatory multiplier without "a procedure in place to review the 'fairness' of an exemplary damage award."

which [it] concluded that dismissal is 'just' in view of * * * the other sanctions that are available," 319 Or at 437, and that, here, the trial court failed to comply with that requirement.[13]

Plaintiff counters that defendant should have objected on those grounds earlier so that the trial court could have considered them. It says, "[b]y failing to respond to SAIF's motion, defendant deprived the trial court of the opportunity to place those findings on the written record." While the order of default did not contain a finding of willfulness, the trial court did make that finding in the order denying defendant's initial motion to set aside the judgment. Additionally, the following "raise it or waive it" considerations apply. The record reflects that the trial court received the order of default on December 31, 1996, that defense counsel was aware of the order by January 6, 1997, and the court did not file the order until January 7, 1997. Plaintiff points out that the response and objection to the order did not object to its form. Rather, defendant took the position that plaintiff's motion was moot. Similarly, there is no record of any objection to the form of judgment entered on January 23, 1997, and defendant's initial motion in February 1997 to set aside the judgment did not raise that issue.

■ Rules regarding preservation generally require that an objection be raised earlier rather than later. *McEwen v. Ortho Pharmaceutical*, 270 Or 375, 421, 528 P2d 522 (1974). One of the policy reasons underlying such a rule of preservation is to ensure that the positions of the parties are presented clearly to the lower court and that parties are not denied the opportunity to meet a particular argument. *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995). Here, the trial court could have addressed the feasibility of an alternative sanction before the proposed order of default and the judgment were signed by the court. Moreover, defendant did

---

[13] In several cases, we have remanded to the trial court to make rulings regarding the availability of lesser sanctions. *See, e.g., Klau-Med, Inc. v. Bodyworks Medical, Inc.*, 156 Or App 138, 145, 964 P2d 1150 (1998); *Stasch v. '69 Investment, Inc.*, 147 Or App 46, 934 P2d 630 (1997). The decisions in those cases were predicated on the concept that to allow for meaningful review of the *sanction*, the trial court should have the first opportunity to decide, under the proper criteria, what is an appropriate sanction. Here, we do not reach that issue because as we discuss later, defendant has waived her right to require the trial court to undertake that consideration.

not raise that issue to the trial court in its initial motion to set aside the judgment, nor did defendant seek reconsideration of the denial of that motion based on *Pamplin*. In fact, the issue was first raised in the second motion to set aside the judgment, nearly a year after the order of default and the judgment occurred. To permit defendant to raise the issue of alternative sanctions after several opportunities had come and gone would operate to frustrate the above policies as well as the interest of the courts in the efficient use of their resources. We conclude that, by her delay, defendant has waived the right to raise the issue on appeal that the trial court failed to consider less severe sanctions and that it failed to make a finding of "willfulness" in the order of default.

Defendant's other arguments do not require discussion. The trial court did not err in denying the motions to set aside the order of default and the judgment by default.

Affirmed.