Argued and submitted February 17, reversed and remanded in part; otherwise affirmed September 29, 1999

## Les WEBER,
*Appellant,*

*v.*

## John MAHLER
and Lavela Mahler,
husband and wife,
dba John Day True Value Hardware;
and John Mahler, personally,
*Respondents.*

(94-09-272 CV; CA A99095)

986 P2d 1273

Foster A. Glass argued the cause and filed the brief for appellant.

Mike Kilpatrick argued the cause for respondents. On the brief were Rita M. Edwards and Kilpatricks.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Plaintiff appeals from a judgment dismissing his action with prejudice and awarding defendants attorney fees based on plaintiff's discovery violations. We reverse the judgment dismissing plaintiff's action but affirm the award of attorney fees.

In September 1994, plaintiff filed a complaint alleging breach of contract, fraud, and an alternative wage claim against defendants. Defendants filed a request for production of documents. When plaintiff failed to comply with defendants' request, defendants filed a motion to compel production of documents and a subsequent motion for discovery sanctions. After several intermediate rulings, the trial court issued a letter opinion on June 12, 1997, directing plaintiff to file concise responses to defendants' request no later than July 12, 1997, and warning that the failure to do so would constitute a willful failure to comply causing plaintiff's case to be dismissed.

In 1997, July 12 fell on a Saturday, and plaintiff filed a response to defendants' request for production with the trial court before the close of business on Monday, July 14. On the same day, plaintiff delivered documents to defendants' attorney, although the parties disagree whether plaintiff delivered the documents before the close of business. Defendants moved to dismiss plaintiff's action the next day. Finding that plaintiff had willfully failed to comply with the letter opinion, the trial court signed an order and judgment on July 30 dismissing plaintiff's action with prejudice.

On appeal, plaintiff contends that he complied with the trial court's letter opinion by filing his response on July 14. Defendants argue that they are entitled to a judgment dismissing plaintiff's action because the trial court found that plaintiff had failed to produce the documents by July 12, as the letter opinion required. Defendants' argument raises two issues. The first is whether the trial court's letter opinion required plaintiff to produce the documents by July 12 or whether he only had to file a response by that date. The second is whether the fact that plaintiff waited until Monday, July 14, to file the response means he was too late.

 On the first issue, the letter opinion does not set a deadline for the production of documents; it only sets a deadline for filing plaintiff's response to defendants' request for production. It follows that any question whether plaintiff delivered the documents to defendants' attorney before the close of business on July 14 is not material to the question whether plaintiff complied with the trial court's letter opinion.[1] The only issue is whether the response plaintiff filed on July 14 was timely.

On that issue, the letter opinion required plaintiff to file direct and concise responses to defendants' request for production no later than July 12. Because July 12 fell on a Saturday, however, ORCP 10 A[2] gave plaintiff until the close of office hours on Monday, July 14, to file his response. Plaintiff filed his response with the court before the close of business on July 14. There is no indication in the record that the trial court found plaintiff's response insufficient. Because plaintiff's response complied with the terms of the letter opinion, the court abused its discretion in dismissing plaintiff's action with prejudice. *See Hahm v. Hills*, 70 Or App 275, 280, 689 P2d 995 (1984).

 Plaintiff also assigns error to the trial court's decision to award defendants attorney fees.[3] The trial court awarded defendants attorney fees under ORCP 46 B(3) because plaintiff failed to comply with two discovery orders that preceded the court's June 12, 1997, order to file concise responses to defendants' request for production. We review the trial

---

[1] We note that the deadline for plaintiff to produce or make documents available is set out in an order filed on July 14, 1997. Defendants do not argue that plaintiff failed to comply with the terms of the July 14 order.

[2] The pertinent portion of ORCP 10 A states:

"In computing any period of time prescribed or allowed * * * by order of court * * * [t]he last day of the period so computed shall be included, unless it is a Saturday or a legal holiday, including Sunday, in which event the period runs until the end of the next day which is not a Saturday or a legal holiday. If the period so computed relates to * * * filing a document at a public office, and if the last day falls on a day when that particular office is closed before the end of or for all of the normal work day, the last day shall be excluded in computing the period of time within which * * * the document is to be filed, in which event the period runs until the close of office hours on the next day the office is open for business."

[3] On appeal, plaintiff does not dispute the amount of the award.

court's decision that attorney fees are appropriate under ORCP 46 B(3) for abuse of discretion. *See Watts v. Lane County*, 142 Or App 489, 493, 929 P2d 686 (1996), *rev den* 325 Or 247 (1997) (construing analogous provision in ORCP 46 C).

ORCP 46 B(3) authorizes the court to award attorney fees when a party fails to obey a discovery order.[4] The trial court ordered plaintiff to produce documents requested by defendants on at least two separate occasions before the trial court issued its June 12, 1997, letter opinion. Plaintiff did not do so. In an amended order filed on July 14, 1997, the trial court awarded defendants costs, disbursements, and attorney fees in the amount of $1,089.68 for plaintiff's failure to comply with those discovery orders. Plaintiff repeatedly failed to comply with the trial court's orders compelling discovery. The trial court did not abuse its discretion in awarding attorney fees under ORCP 46 B(3).

Judgment dismissing plaintiff's action with prejudice reversed and remanded; otherwise affirmed.

---

[1] ORCP 46 B(3) states:

"[T]he court shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."