Argued and submitted March 11, affirmed May 29, 2002

Brent BUDDEN,
*Respondent,*

*v.*

Wayne DYKSTRA,
Elizabeth Dykstra,
and Liquid Engineering Corporation, Inc.,
an Oregon corporation,
*Appellants.*

9503768-CV; A108869

47 P3d 49

Darleen Darnall argued the cause for appellants. With her on the briefs were Michelle A. Bellia and Davis Wright Tremaine LLP.

J. Marie Bischman argued the cause for respondent. With her on the briefs were J. Philip Parks and Parks, Bauer, Sime & Winkler LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The principal issue in this breach of contract case is whether the trial court erred in dismissing defendants' unconscionability defense as a sanction for failure to comply with orders compelling discovery. According to defendants, the trial court failed to make appropriate findings and to consider less drastic sanctions and, in any event, the sanction was unduly harsh. Plaintiff contends that defendants did not preserve their objections as to the lack of findings and that, on the merits, the trial court made adequate findings to support a reasonable sanction under the circumstances. We agree with plaintiff that defendants' objections as to a lack of findings were not preserved and that the imposition of the sanction itself was not an abuse of discretion. Defendants advance other assignments of error, but those do not require discussion. We therefore affirm, writing to address only the imposition of sanctions.

Plaintiff developed a system for cleaning water storage tanks with special diving equipment. He and defendants Wayne and Elizabeth Dykstra formed a corporation, defendant Liquid Engineering Corporation, Inc. (LEC). After a couple of years of operation, plaintiff agreed to sell his interest in LEC to the Dykstras. The stock purchase agreement provided that the Dykstras were to pay plaintiff $25,000 for his shares in LEC, payable in installments. It also provided that, if the Dykstras failed to pay as agreed, plaintiff's obligations under the agreement ended, while the Dykstras' obligations did not. In addition, the agreement required plaintiff to pay off a loan that LEC had obtained from a third party, David Healow. The agreement contained a ten-year exclusive business provision that permitted plaintiff to continue to conduct business in Oregon, Washington, California, and Nevada; the Dykstras and LEC retained the exclusive rights to conduct their business in all remaining states.

The Dykstras did not pay plaintiff as agreed. Plaintiff regarded the Dykstras as being in breach, relieving him of the obligation to pay Healow. In addition, plaintiff discovered that LEC had been conducting business in his exclusive territory. He initiated this action for breach of contract. Meanwhile, the Dykstras contended that, among other things, they

already had paid Healow. In their answer to the complaint, they alleged an affirmative defense of unjust enrichment. They later added an affirmative defense of unconscionability.

Discovery ensued, with both parties serving requests for production of documents. Plaintiff was unsatisfied with defendants' response to his request for production and filed a motion to compel, accompanied by a motion for sanctions. The trial court ordered defendants to produce the documents that plaintiff requested.

Plaintiff served a second request for production. Once again unsatisfied with the response, he filed a second motion to compel and a motion for sanctions. By the time the matter came to a hearing, defendants had produced all the requested documents.

Plaintiff then served a third request for production, followed by another motion to compel and motion for sanctions, including an order striking defendants' unconscionability defense. The trial court ordered defendants to produce most of the documents that plaintiff requested, awarded plaintiff attorney fees, and cautioned that, if defendants failed to comply with the discovery order, it would consider other sanctions.

Plaintiff served a fourth request for production, to which defendants objected entirely. Plaintiff responded with another motion to compel and for sanctions. The trial court ordered defendants to produce virtually all of the requested documents and warned that, if the documents were not timely produced, it would strike defendants' unconscionability defense. Defendants sent a letter to plaintiff asserting various objections to the pending discovery request and contending that many of the documents were beyond their control. Plaintiff responded that it was too late to raise such objections. Defendants then filed a motion for reconsideration, clarification, and additional time within which to respond to the discovery request. After a hearing on that motion, the trial court ordered that defendants' unconscionability defense be stricken for failure to comply with the orders compelling discovery and awarded plaintiff his attorney fees. Over a month later, defendants filed a motion for

reconsideration, asking the court to impose a lesser sanction. The trial court denied the motion.

After trial, the jury found that defendants had materially breached the stock purchase agreement and awarded damages; the trial court then dismissed defendants' equitable counterclaim of unjust enrichment.

On appeal, defendants contend that the trial court erred in dismissing their affirmative defense of unconscionability as a discovery sanction. Defendants contend first that the trial court failed to make appropriate findings that (1) defendants' failure to comply with the court's orders was a result of bad faith or willfulness, and (2) no lesser sanctions would have been appropriate under the circumstances. Plaintiff contends that defendants failed to bring either argument to the attention of the trial court. Defendants concede that they neglected to request any findings but point out that they did ask the court—albeit a month after the imposition of sanctions—to consider lesser sanctions.

ORCP 46 B(2) provides, in part:

"If a party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"B(2)(c) An order striking out pleadings or parts thereof, * * * or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

In *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), the Oregon Supreme Court held that, before entering an order under ORCP 46 B(2)(c), the court must find that the disobedient party acted with "willfulness, bad faith, or fault of a similar degree." *Pamplin*, 319 Or at 434. In addition, the court held, the trial court must explain "the analytical process by which [it] concluded that dismissal is 'just' in view of [the] facts and in view of the other sanctions that are available." *Id.* at 437.

■      The trial court, however, cannot be faulted for failing to make such findings if no one requested them. On point in that regard is *SAIF v. Harris*, 161 Or App 1, 983 P2d 1066, *rev den* 329 Or 527 (1999). In that case, the plaintiff served a request for production of documents, to which the defendant failed to respond completely. The plaintiff moved to compel, and the trial court entered an order compelling production of the requested documents. When the defendant still did not comply, the plaintiff moved for sanctions, including an order striking the defendant's answer and an order of default. The trial court granted the plaintiff's motion. On appeal, the defendant argued that, among other things, the court's order imposing discovery sanctions failed to include the findings required by the Supreme Court's decision in *Pamplin*. We rejected the argument because the defendant had failed to raise it to the trial court. We noted that "[o]ne of the policy reasons underlying such a rule of preservation is to ensure that the positions of the parties are presented clearly to the lower court and that parties are not denied the opportunity to meet a particular argument." *Harris*, 161 Or App at 10. We observed that, had the defendant raised *Pamplin* to the lower court, the trial court could have responded with the appropriate findings. *Id.* at 10-11.

■      So also in this case, defendants failed to argue to the trial court that *Pamplin* required it to make any particular findings. If they had but done that, the court could either have made the appropriate findings or imposed different sanctions. Having failed to make the argument to the trial court, defendants cannot make it to us.

Defendants' motion for reconsideration filed a month after the imposition of the sanctions order does not save them. At the outset, it is debatable whether a "motion for reconsideration" is sufficient to preserve much of anything in these circumstances. *See, e.g., Carter v. U. S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring) (noting that such a motion appears neither in the rules nor in the statutes); *R & C Ranch, LLC v. Kunde*, 177 Or App 304, 316, 33 P3d 1011 (2001) ("The status of 'motions for reconsideration' is not completely clear."). Aside from that, their motion merely asked the court for a lesser sanction. It said nothing about the law

requiring the court to make any particular findings. We conclude that defendants failed to preserve their contention that the court erred in failing to make appropriate findings.

■ That leaves the merits of the court's decision. We review for an abuse of discretion. *Weber v. Mahler*, 163 Or App 186, 189, 986 P2d 1273 (1999). In this case, having reviewed the record, we conclude that the court did not abuse its discretion and that a further explanation would not benefit the bench or the bar.

Affirmed.