No. 367          June 5, 2024          1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jenna MINER,
*Plaintiff-Appellant,*

*v.*

SAFECO INSURANCE COMPANY OF OREGON,
*Defendant-Respondent.*

Linn County Circuit Court
19CV20866; A178358

Rachel Kittson-MaQatish, Judge.

Submitted June 21, 2023.

Calvin P. Kelly Vance filed the briefs for appellant.

Stuart D. Jones and Bullivant Houser Bailey PC filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Kistler, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a judgment dismissing her claims against defendant seeking coverage under an insurance policy. The trial court dismissed the action after striking plaintiff's pleadings as a sanction for violating a discovery order. Plaintiff raises seven assignments of error: four relating to the court's decision to strike her pleadings and three additional assignments relating to separate determinations or rulings by the court. We conclude that plaintiff did not preserve her procedural challenge to the imposition of sanctions and that the trial court did not err in striking her pleadings. We need not reach plaintiff's additional assignments of error.

A detailed recitation of the facts would not serve the parties, the bench, or the bar, and we recite only the facts necessary to explain our opinion. Over the course of this litigation over insurance coverage for a fire at plaintiff's rental property, plaintiff was ordered to provide her cell phone to defendant's expert for the retrieval of text messages that plaintiff sent and received around the time of the fire. Plaintiff eventually provided her phone to defendant's expert, and subsequently provided a copy of a December 2020 digital extraction of the information contained on the phone at that time. Defendant's expert indicated that settings had been changed and information had been deleted from the phone after the court had ordered it to be turned over for inspection. Defendant moved for discovery sanctions, arguing that plaintiff's pleadings should be stricken due to the egregiousness of the violation. In an initial letter opinion in August 2021, the trial court concluded that plaintiff had engaged in spoliation of evidence, and had "willfully, in bad faith or to a fault of similar degree, failed to protect and prevent the destruction of that evidence." The court gave plaintiff six additional weeks to provide an earlier November 2020 cloud backup that had been saved from her phone or other evidence satisfactory to the court of the text messages from the time of the fire, and stated that if she did so, her pleadings would not be stricken. The court noted that "[o]therwise, this level of disregard for the court's order requires an order that deters others from engaging in

the same type of disregard." Plaintiff failed to provide the earlier backup of her phone, or any other evidence of the deleted messages, and in December 2021 the court issued a second letter opinion finding plaintiff to be in contempt and concluding that striking her claims was an appropriate remedy. An order and judgment to that effect were signed in 2022.

Plaintiff argues that the court erred by sanctioning her for the failure to produce messages that she did not have access to; in concluding that she violated the discovery order; in not making the necessary findings to support the sanction of dismissal; and in failing to consider a lesser sanction more appropriate to the situation. Defendant asserts that plaintiff did not preserve her procedural challenge to the trial court's order; that the determination that plaintiff had violated the discovery order was supported by evidence in the record; and that the trial court did not abuse its discretion by striking plaintiff's pleadings as a sanction for the discovery violation.

We begin with plaintiff's procedural challenge. ORCP 46 B(2) provides that if a party fails to obey a discovery order, the court may make any order in regard to the failure as is just, including "an order striking out pleadings or parts thereof, *** or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]" ORCP 46 B(2)(c). In *Pamplin v. Victoria*, 319 Or 429, 434, 877 P2d 1196 (1994), the Oregon Supreme Court held that, before entering an order dismissing an action under ORCP 46 B(2)(c), the court must find that the disobedient party acted with "willfulness, bad faith, or fault of a similar degree." In addition, the trial court must explain "the analytical process by which [it] concluded that dismissal is 'just' in view of [the] facts and in view of the other sanctions that are available." *Id.* at 437. Plaintiff asserts that the trial court failed to make such findings explaining why dismissal was the appropriate remedy.

However, plaintiff did not preserve that issue before the trial court. Our case law is clear that such an objection must be raised to the trial court in order to preserve it for appellate review. *See Noor and Chowdhury*, 329 Or App 162,

171-72, 540 P3d 41 (2023) (holding that the party's challenge to the court's failure "to explain why the sanction it chose was just" was "a procedural challenge, which must be preserved to be considered on appeal") (citing *Peeples v. Lampert*, 345 Or 209, 223-25, 191 P3d 637 (2008)); *Budden v. Dykstra*, 181 Or App 523, 528, 47 P3d 49 (2002) (noting that the trial court "cannot be faulted for failing to make such findings if no one requested them," and acknowledging the policy reasons underlying the preservation rule, including giving the parties and the court the opportunity to respond to or correct the error). Plaintiff filed objections to both of the proposed orders following the court's two letter opinions, but both filings argued only about the factual issue of whether plaintiff had violated the discovery order. At neither point did plaintiff raise any objection to the form of the opinion or lack of sufficient findings to justify the imposition of sanctions. We also cannot find in the record—and plaintiff does not direct us to anywhere in the record—where plaintiff requested findings of fact. We therefore conclude that plaintiff failed to preserve this issue and we do not reach it. Plaintiff has not requested plain error review and we decline to engage in such review.

We thus turn to plaintiff's challenges to the merits of the trial court's decision to strike her pleadings.[1] We review the court's findings of fact for any evidence in the record to support them, and its legal conclusions for errors of law. *Allco Enterprises v. Goldstein Family Living Trust*, 183 Or App 328, 330, 51 P3d 1275 (2002). We review the choice of sanction for an abuse of discretion. *Noor*, 329 Or App at 172. "'If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion.'" *State v. Romero*, 236 Or App 640, 643, 237 P3d 894 (2010) (quoting *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000)).

---

[1] Plaintiff does not argue that the trial court's findings are insufficient to permit meaningful appellate review of its choice of sanction. *See Noor*, 329 Or App at 172 n 3; *see also Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019) (noting that the parties' framing of the issues, the nature of objections raised, and insight from hearing transcripts can assist in understanding the court's reasoning).

Plaintiff raises a number of challenges to the trial court's factual determination that she violated the court's discovery order, asserting that the record shows that she provided all digital evidence that she was capable of providing and that there was no evidence that she improperly deleted any messages in violation of the discovery order. Reviewing for any evidence, we conclude that the trial court's determination is supported. Defendant's digital expert, Faulk, reported that someone had manipulated the settings and deleted text messages from plaintiff's cell phone after the court had ordered the device turned over to defendant. The court found Faulk to be credible and persuasive. The record contains no indication that plaintiff ever provided a copy of the November 2020 backup or any other documentation of the deleted text messages. Plaintiff argues that the evidence shows she complied with the order to the extent she was capable, but the court's factual finding that she engaged in spoliation of evidence and was therefore in contempt of the order is supported by evidence in the record.

With respect to the choice of sanction, we conclude that the court did not abuse its discretion in striking plaintiff's pleadings and dismissing the claim. Plaintiff has advanced no argument for why the sanction that the court chose was legally incorrect or impermissible. ORCP 46 B(2)(c) permits the court to strike pleadings and dismiss an action as a sanction for a discovery violation. The court found that plaintiff engaged in spoliation of evidence and "willfully, in bad faith or to a fault of similar degree, failed to protect and prevent the destruction of that evidence." The court allowed plaintiff an additional six weeks to comply with the order to avoid having her pleadings stricken, but noted that "[o]therwise, this level of disregard for the court's order requires an order that deters others from engaging in the same type of disregard." When she still failed to comply, the court found her in contempt and concluded that striking her claims was an appropriate remedy. Those findings support the trial court's choice of sanction and the court did not abuse its discretion.

In light of our conclusion that the court did not abuse its discretion in striking plaintiff's complaint and

dismissing the action, we need not reach plaintiff's additional arguments regarding the relevance of the cell phone to the claims, the standard for consideration of a motion for summary judgment that was denied, or the court's refusal to order an insurance appraisal. The remaining assignments of error are either not appealable issues or are moot in light of dismissal of the action.[2]

Affirmed.

---

[2] To the extent that we are required to decide the relevance of the cell phone records in the context of the discovery requests, we conclude that the trial court did not err in determining that the request for plaintiff's cell phone records was "reasonably calculated to lead to the discovery of admissible evidence." ORCP 36B(1).