EGAN, P. J.
*220 *326 In this personal injury action, plaintiff appeals a judgment for defendant Fred Meyer, Inc., challenging the trial court's granting of defendant's motion for summary judgment based on ORS 31.180, which provides that it is a defense to a personal injury action that the "person damaged was engaged in conduct at the time that would constitute *** a Class B felony." We conclude that the trial court did not err and therefore affirm.
In reviewing the trial court's ruling, we view the evidence in the record on summary judgment in the light most favorable to plaintiff, the nonmoving party, to determine whether there are genuine issues of material fact that preclude summary judgment and whether defendant was entitled to judgment as a matter of law. ORCP 47 C.
The underlying facts are largely undisputed. Plaintiff was waiting in the checkout line at defendant's store when he and Young, who was ahead of plaintiff in line, engaged in an argument that escalated into a physical fight.[1] Plaintiff, who had a handgun, shot Young in the leg. Defendant's employees responded by pushing plaintiff to the floor and disarming him. As a result of his act of shooting Young, plaintiff was convicted in November 2013 of assault in the second degree with a firearm, ORS 163.175,[2] a Class B felony, for which he was sentenced to a mandatory minimum prison term of 70 months. We affirmed plaintiff's conviction. State v. Harryman , 277 Or.App. 346, 371 P.3d 1213, rev. den. , 360 Or. 401, 381 P.3d 843 (2016).
*327 In 2014, plaintiff brought this action, seeking damages for injuries he claims to have sustained when defendant's employees pushed him to the floor and disarmed him. Plaintiff's theory was that Young had assaulted him, and that he had acted in self-defense in shooting Young. Defendant's employees were negligent, plaintiff alleged, in assuming that plaintiff was the aggressor and in using unnecessary and excessive force to restrain him. Plaintiff alleged:
"Employees of [defendant], acting in the ordinary course of their employment ***, responded to the assault of *** [Young] against plaintiff by physically taking plaintiff into their control and disarming him. In the course of restraining and disarming plaintiff, such employees also negligently or intentionally caused physical injuries to plaintiff, by using unnecessary and excessive force, by throwing him on the concrete floor, striking him in the head and body, and pressing his body to the floor."
Defendant filed a motion for summary judgment contending, among other arguments, that plaintiff's claim is barred by ORS 31.180, which provides, as relevant:
"(1) It is a complete defense in any civil action for personal injury or wrongful death that:
"(a) The person damaged was engaged in conduct at the time that would constitute aggravated murder, murder or a Class A or a Class B felony; and
"(b) The felonious conduct was a substantial factor contributing to the injury or death.
"(2) To establish the defense described in this section, the defendant must prove by a preponderance of the evidence the fact that the person damaged was engaged in conduct that would constitute aggravated murder, murder or a Class A or a Class B felony.
" * * * * *
"(4) The defense established by this section is not available if the injury or death resulted from a springgun or other device described in ORS 166.320 and the plaintiff establishes by a preponderance of the evidence that the use of the springgun *221 or other device constituted a violation of ORS 166.320. *328 "(5) The defense established by this section is not available if the injury or death resulted from the use of physical force that was not justifiable under the standards established by ORS 161.195 to 161.275."
Defendant submitted evidence of plaintiff's conviction of second degree assault, as well as admissions by plaintiff that his personal injury action arose out of the same "event" that resulted in his conviction.[3] Defendant contended in its motion for summary judgment that plaintiff's conviction and admissions established as a matter of law that, at the time plaintiff was injured, he was engaged in conduct that constituted a Class B felony, ORS 31.180(1)(a), and that that felonious conduct was a substantial factor contributing to plaintiff's injury. ORS 31.180(1)(b).
Plaintiff responded that the defense was not available because, at the time of his injury, plaintiff had completed the conduct that constituted a Class B felony, and because the force used by defendant's employees was not justifiable. See ORS 31.180(5). The trial court adopted defendant's analysis in support of the motion for summary judgment and granted the motion. On appeal, plaintiff renews his same arguments. We address and reject each of them in turn.
Plaintiff's first argument is that the defense provided by ORS 31.180 does not apply, because the requirement that "the injured person was engaged in [criminal] conduct at the time" means that, to rely on the defense, the defendant must show that the offense was ongoing at the time that the injuries were inflicted. In this case, plaintiff *329 contends, the assault had ended when defendant's employees injured him, thus his injuries did not occur "at the time" he was committing the offense. He contends that sustaining the trial court's interpretation of the statute would effectively endorse "civil death" for suspected felons, by allowing law enforcement to assault a suspected felon any time after the commission of a crime, without judicial recourse.
We note that ORS 31.180(5) is relevant context and provides that the defense is not available "if the injury or death resulted from the use of physical force that was not justifiable under the standards established by ORS 161.195 to 161.275." ORS 161.195 to 161.275, in turn, describe circumstances when physical force may be used that "would otherwise constitute an offense." ORS 161.195(1). For example, ORS 161.205(5) provides, in part:
"A person may use physical force upon another person in self-defense or in defending a third person, in defending property, in making an arrest or in preventing an escape[.]"
And ORS 161.209 provides:
"[A] person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."
From the text of ORS 31.180(5), and the subsections of ORS chapter 161 to which it refers, we can surmise that the legislature contemplated that the defense provided by ORS 31.180 extends to injuries inflicted during a justifiable response to the criminal conduct.
But we need not speculate here about plaintiff's concerns relating to an interpretation of ORS 31.180 that allows a felony suspect to be assaulted at any time after committing a crime. Here, as defendant correctly points out, the record on summary judgment *222 -including plaintiff's complaint-shows that, at the time defendant's employees knocked plaintiff to the floor and held him down, plaintiff had just shot Young and was still armed. There is no evidence in the *330 record that the altercation had ended.[4] We conclude that the record establishes as a matter of law that plaintiff's injuries occurred "at the time" of the commission of the felony and that defendant's felonious conduct was a substantial factor contributing to his injury. Thus, defendant has established the statutory bases for the defense provided by ORS 31.180.
As noted, ORS 31.180(5) states an exception to the defense "if the injury or death resulted from the use of physical force that was not justifiable under the standards established by ORS 161.195 to 161.275." Although plaintiff's complaint pleaded that defendant's employees used unnecessary and excessive force in restraining him, "by throwing him to the concrete floor, striking him in the head and body, and pressing his body to the floor," the record on summary judgment does not include any evidence of the force that was used or whether it was excessive. The absence of that evidence works to the disadvantage of the party with the burden of proof. The remaining question on appeal thus is who has that burden.
ORS 31.180(5) does not state whose burden it is to establish that the injury or death was caused by the use of force that was not justifiable.[5] In plaintiff's view, the failure of the legislature to assign the burden means that ORS 31.180(5) simply states an additional element for proof of the defense, to be borne by the defendant, that the force used was justifiable.
But ORS 31.180(5) makes the defense unavailable if the force used "was not justifiable ." (Emphasis added.) In the absence of an assignment of the burden to prove that the force used was not justifiable, we do not assume, as plaintiff asserts, that the burden is on the defendant to prove that the force was justifiable . In the absence of an explicit *331 assignment of the burden of proof, we assume that the ordinary rule applies that the burden to establish the fact (that the force used was "not justifiable") falls on the proponent of the fact, in this case, plaintiff. See Johnson v. O'Malley Brothers Corp. , 285 Or.App. 804, 816, 397 P.3d 554 (2017) (party seeking to rely on a statutory exception bears "the burden of proving its application"); OEC 305 ("A party has the burden of persuasion as to each fact the existence or non-existence of which the law declares essential to the claim for relief or defense the party is asserting.").
On summary judgment, the adverse party "has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." ORCP 47 C. Plaintiff having failed to produce any evidence on summary judgment that the physical force used to restrain and disarm plaintiff was not justifiable, the trial court had no basis to conclude that there was a triable issue of fact on whether the force used against plaintiff was justifiable. The trial court therefore did not err in granting defendant's motion for summary judgment.
Affirmed.

Young was also named as a defendant in this action, but he has been dismissed.

ORS 163.175 provides:
"(1) A person commits the crime of assault in the second degree if the person:
"(a) Intentionally or knowingly causes serious physical injury to another;
"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or
"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.
"(2) Assault in the second degree is a Class B felony."

Plaintiff made the following admissions:
"REQUEST FOR ADMISSION NO. 1 : Admit that Plaintiff has commenced a civil action *** for personal injuries based on negligence arising out of an *** event at the Fred Meyer store located at 16301 SE 82nd Drive in Clackamas, Oregon (the 'Event').
" * * * * *
"REQUEST FOR ADMISSION NO. 3 : Admit that Plaintiff has been convicted of Assault in the Second Degree-Firearm arising from his conduct during the Event.
"REQUEST FOR ADMISSION NO. 4 : Admit that the crime underlying Plaintiff's second-degree assault conviction occurred during the Event[.]"

In fact, in our summary of the relevant facts in our opinion affirming plaintiff's assault conviction, we said that, after plaintiff shot Young, "[t]he two men continued to struggle until defendant was subdued with the help of other customers and store employees." Harryman , 277 Or.App. at 347, 371 P.3d 1213.

In contrast, other subsections do explicitly set forth the burden of proof. Subsection (2) assigns to the defendant the burden to establish that the injured person was engaged in a felony. Subsection (4) explicitly assigns to the plaintiff the burden to prove that the defense is not available because the injury or death was caused by the use of a springgun.