Argued and submitted April 30, affirmed July 8, 2021

COAST VILLAGE PROPERTY
OWNERS CORPORATION,
*Plaintiff,*
*and*

CLEARWAY REALTY LLC,
*Appellant,*
*v.*

UNKNOWN SUCCESSOR TRUSTEE OF
THE LEONE M. SHARP REVOCABLE TRUST,
et al.,
*Defendants,*
*and*

Michael DRAPER
and Laura Master,
*Objectors-Respondents.*

Lane County Circuit Court
17CV14042; A172327

496 P3d 695

Appellant appeals a trial court order that rejected its claimed right to redeem real property following a judicial foreclosure of a lien. Appellant claims to have acquired a right to redeem from a successor trustee and intestate heir of the original trust settlor. On appeal, appellant argues that its right to redeem was established as a matter of law pursuant to the foreclosure proceeding, or alternatively that its proffered evidence established that the grantor was either a successor trustee or intestate heir. Appellant also argues the court erred by shifting a burden to establish the right to redeem and by failing to consider certain filings with the court as evidence of appellant's title. *Held*: The statutes governing the rights of parties to a foreclosure action do not establish any new rights in a named defendant; rather they only provide that a party with an existing interest in the property may have rights to redeem after foreclosure. With respect to any burden shifting, the statutes do not displace the ordinary rule that a party who is a proponent of a fact bears the burden of establishing that fact. Finally, the trial court did not err by not reaching the merits of appellant's claim when appellant failed to request the required evidentiary hearing.

Affirmed.

Charles D. Carlson, Judge.

Trevor Robins argued the cause and filed the briefs for appellant.

John R. Roberts argued the cause for respondents. Also on the brief was Rohn M. Roberts.

Before Shorr, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Affirmed.

**HADLOCK, J. pro tempore**

Clearway Realty LLC (Clearway) appeals a trial court order that rejected Clearway's claimed right to redeem real property that had been sold at a sheriff's sale following judicial foreclosure of a homeowners' association (HOA) lien. We affirm.

The pertinent facts are procedural and undisputed. This case involves real property that had been owned by Leone Sharp, who conveyed it to the Leone M. Sharp Revocable Trust, of which she was trustee. Leone Sharp subsequently died. A few years later, an HOA filed a complaint for foreclosure of a lien on the property for unpaid HOA assessments. The named defendants included an "Unknown Successor Trustee of the Leone M. Sharp Revocable Trust," unknown heirs of Leone Sharp, unknown heirs of Leone Sharp's deceased son, Donald Sharp, and three individuals including Cindi Sharp (Sharp), who is Donald Sharp's daughter.[1] The complaint alleged various ways in which each of the defendants "may" have an interest in the property. In particular, plaintiff alleged that "Defendant Cindi Sharp may have an interest in the property by way of intestate succession as an heir of Donald W. Sharp, or as beneficiary of the Trust."

Defendants did not answer or otherwise appear in the case and plaintiff sought an order of default, which the trial court ultimately granted. The court subsequently entered a general judgment of foreclosure, terminating each defendant's interest in the property except for any statutory right of redemption and ordering sale of the property. As memorialized in a sheriff's certificate of sale, the property was sold to two individuals, Master and Draper (the certificate holders).

Clearway later sought to redeem the property. It served a Notice of Intent to Redeem on the certificate holders, who objected to that notice on multiple grounds, including that Clearway was not eligible to redeem the property.

---

[1] We generally refer to Cindi Sharp as "Sharp" in this opinion, and we use the first and last names of her father, Donald Sharp, and her grandmother, Leone Sharp, to differentiate the three individuals.

In response, Clearway filed a written reply in which it claimed that it had acquired redemption rights by purchasing Sharp's interest in the property. First, Clearway asserted that Sharp had redemption rights by virtue of being a named defendant in the foreclosure action. Second, Clearway asserted that Sharp was Leone Sharp's granddaughter and had a right to redeem the property "not only as the successor trustee of [the trust] but also as an heir of Leone Sharp." Clearway acknowledged that no copy of the trust had been found, but it asserted that no evidence contradicted Sharp's claim to be successor trustee, and it pointed to other circumstances that it claimed suggested "that Leone Sharp considered her granddaughter, Cindi Sharp, to be the next most responsible relative after her son for purposes of handling her affairs and estate, and likely would have named her as such in her other estate planning documents such as the missing trust." Clearway attached several exhibits to its filing in support of that claim.

A hearing on Clearway's objection to the redemption notice was scheduled for August 19, 2019. We describe that hearing in detail, given its relevance to some of the arguments that Clearway makes on appeal. At the start of the hearing, the certificate holders argued that Clearway, as the party seeking redemption, bore the burden to prove "how they have a right to redeem the property." The certificate holders asserted that they had asked Clearway for evidence that Sharp was the trust's successor trustee or that she had any individual interest in the property, "and there really hasn't been any forthcoming." With respect to the assertion that Sharp was successor trustee, the certificate holders observed that no copy of the trust had been provided and that Sharp was not present at the hearing to testify. With respect to the assertion that Sharp had an interest in the property through intestacy inheritance, the certificate holders asserted that they did not "see how that's possible because the deed was in the name of the trust" and therefore would not "pass through the intestate statutes."

In colloquy with Clearway's attorney, the trial court asserted that there must be "some kind of a transfer from the trust to [Sharp] to have the redemption rights." The court questioned how it could "explore any of this, without

some kind of an evidentiary hearing where people come in and testify and I—you're presented with documents." The court suggested that it could not determine whether Sharp had redemption rights "just based on you two arguing on your clients' behalf," but would, instead, need "to make some factual findings."

Clearway disagreed. It asserted that neither the attorney who had prepared the trust, nor the attorney to whom that lawyer's estate-planning documents had been transferred, could find the trust document, which might have been lost in a fire. However, Clearway argued, the court did not need to consider those facts because the foreclosure judgment itself reserved Sharp's right of redemption as a matter of law. Perhaps implicitly rejecting that legal argument, the court explained to Clearway that the certificate holders' position was that Sharp did not have redemption rights (and therefore Clearway could not have obtained such rights from Sharp), and the court reiterated that it could not "see how [it could] get past that without an evidentiary hearing."

In the course of that discussion, Clearway had acknowledged that the hearing then taking place "isn't the evidentiary hearing," but it nonetheless urged the court to consider certain facts asserted in the documents it had submitted to the court. The court did not engage with those assertions, but stated, "I'm going to set the matter for an evidentiary hearing, and I'm going to let you two decide when you need to do it or how involved it's going to have to be." The court emphasized that "we're going to have to have witnesses with regard to this," and it explained that "there needs to be some kind of evidentiary hearing."

After repeating that an evidentiary hearing was needed, the court said that it was "going to hold the matter open" for two weeks "[a]nd then [was] going to rule." In passing, the court referenced the possibility that the parties would file supplemental affidavits. However, the court then specifically identified the two pathways by which the parties could proceed. First, the parties could agree to have an evidentiary hearing and schedule a date and time for that. Alternatively, the parties could decide that the case

could "just be done on the record," in which case the court would "rule based on what I've got." Thus, the court held the matter open for two weeks so the parties could schedule an evidentiary hearing if they wished to do so. In the absence of such a hearing, the court indicated, it would rule on the basis of what was already before it, although it reminded the parties of the "concerns" that it had expressed, noting that it was up to the parties "to alleviate [those] concerns or not."

Following that hearing, the court entered an order stating that the matter was "continued for two weeks until September 3, 2019," and further stating, "Parties may set an evidentiary hearing." A few days before that deadline, the certificate holders filed a memorandum in which they argued, among other things, that there was no evidence that Sharp ever had any redemption rights that she could have conveyed to Clearway.

On the afternoon of September 3, Clearway filed an objection to the certificate holders' filing. Clearway again argued that the foreclosure judgment itself established Sharp's redemption rights. Clearway also submitted an affidavit from Sharp asserting that she was an heir of Leone Sharp (because Sharp was an heir of her father, who was Leone Sharp's son and "next of kin," and Sharp believes that Leone Sharp died intestate). That affidavit also includes Sharp's assertion that she knows that she is the successor trustee of the trust "because [her] grandmother, Leone Sharp, told [her] so." Clearway did not request that the court schedule an evidentiary hearing.

On September 12, the trial court entered the following order:

  "THIS MATTER is at issue under the Court's prior Order of 8/21/19. The certificate holder's Objection to Redemption is Sustained. The Court finds that a party seeking to enforce redemption rights, once an objection is filed, bears the burden of establishing that it is the holder of the redemption right and he or she has complied with the redemption statutes of this state. The proposed redemptioner has not met this burden and could not do so without an evidentiary hearing which the Court allowed, but has not been requested within the time perimeters set

by the Court. The notice of intent to redeem is, therefore, STRICKEN."

Clearway appeals, raising four assignments of error. First, Clearway reiterates its argument that Sharp's redemption rights were established when the foreclosure judgment was entered. Clearway argues that—given the allegations in the foreclosure complaint and certain provisions in the foreclosure judgment itself—defendants' default and subsequent entry of the foreclosure judgment established Sharp's statutory redemption right. In particular, Clearway insists that, because Sharp was named as a defendant to the foreclosure action, "[n]o further inquiry or evidence" was needed to establish her right of redemption. In response, the certificate holders contend that nothing in the foreclosure complaint or judgment established that Sharp had an interest in the property that would give rise to a redemption right.

We agree with the certificate holders. ORS 18.963 establishes who may redeem property in circumstances like those present here, including a successor in interest to either the judgment debtor or the mortgagor. ORS 18.963 (1)(a)-(d). The statute does not say that any party named as a defendant in a foreclosure action has a right of redemption if a default foreclosure judgment is entered. And if entry of the default judgment established anything with respect to Sharp, it is only what was alleged in the complaint: that Sharp "may" have an interest in the property. *See SAIF v. Harris*, 161 Or App 1, 6, 983 P2d 1066, *rev den*, 329 Or 527 (1999) (an order of default, which may later be subsumed in a default judgment, establishes the truth of the factual allegations contained in the complaint). The foreclosure complaint did not allege that Sharp *did* have an interest in the property, and the default judgment therefore did not establish the truth of that nonexistent allegation.

To the extent that Clearway contends that the mere act of being named as a defendant in the foreclosure action gave Sharp redemption rights, that argument also fails. A party entitled to foreclose on real property does not, by cautiously naming as defendants all known and unknown persons who might have an interest in the property, vest those

persons with redemption rights that they would not otherwise have.

Clearway's focus on a reference to redemption in the foreclosure judgment is similarly unavailing. Clearway asserts that Sharp "had a statutory redemption right reserved to her according to the judgment." But the judgment states only that the interest of each defendant in the property "is foreclosed and terminated excepting only *any* statutory right of redemption as provided by Oregon law." (Emphasis added.) That is, the judgment simply recognizes that it does not bar the defendants from asserting any redemption rights they *might* have pursuant to statute. The judgment does not, itself, confer any such rights on Sharp or any other defendant.

Clearway's remaining arguments focus on the trial court proceedings. In its second assignment of error, Clearway contends that the trial court erred when it placed the burden on Clearway to establish that it had a right of redemption. Relying on the provisions of ORS chapter 18 that govern redemption proceedings, Clearway asserts that a party asserting redemption rights need only "provide a copy of the document evidencing [the redemption right] as part of their Notice of Intent to redeem," and the burden then shifts to an objecting certificate holder to prove that the party seeking redemption lacks such rights. Clearway asserts that its notice of redemption included "the instrument evidencing its claim of redemption," pointing to the deed by which Clearway purchased "all of [Sharp's] right, title and interest" in the real property. Once it produced that deed, Clearway asserts, the burden shifted to the certificate holders to establish that Clearway was not entitled to redeem the property. Essentially, Clearway contends that the trial court erred by requiring it to establish its right of redemption, instead of requiring the certificate holders to disprove it. In response, the certificate holders argue that the burden remained with Clearway throughout the proceeding to prove its entitlement to the statutory redemption right that it claimed.

Again, we agree with the certificate holders. The statutes on which Clearway relies do not establish the type

of burden-shifting regime that Clearway describes. Indeed, the pertinent statutory provisions are few. ORS 18.970(1) requires a party that claims a right to redeem real property to serve the certificate holder with a redemption notice. When, as here, the claimant asserts that it obtained redemption rights from another person, the claimant must "attach to the notice copies of any documents necessary to establish how the person acquired the interest." ORS 18.970(2). A certificate holder may object to the redemption notice if it "asserts that the claimant is not entitled to redeem." ORS 18.971(1). When such an objection is filed, the trial court must "schedule a hearing * * * as soon as possible." ORS 18.978(2). The redemption statutes do not say what should happen at that hearing. Rather, they simply provide that the trial court may determine either that "the claimant is eligible to redeem" or that "the claimant is not eligible to redeem." ORS 18.978(3).

Nothing in those statutes establishes the type of burden-shifting regime for which Clearway advocates. In the absence of any such provision, we agree with the certificate holders that the ordinary rule applies: The party that is the proponent of a fact bears the burden of establishing that fact. *See Harryman v. Fred Meyer, Inc.*, 289 Or App 324, 330-31, 412 P3d 219 (2017), *rev den*, 362 Or 665 (2018) ("In the absence of an explicit [statutory] assignment of the burden of proof, we assume that the ordinary rule applies that the burden to establish the fact * * * falls on the proponent of the fact[.]"); OEC 305 ("A party has the burden of persuasion as to each fact the existence or nonexistence of which the law declares essential to the claim for relief or defense the party is asserting."). In the redemption context, the claimant therefore bears the burden of persuading the trial court that it has the redemption rights that it claims. We reject Clearway's contrary argument.

In its third and fourth assignments of error, Clearway asserts that it met any burden of proof that it had, and it argues that the trial court erred by either "disallowing" or "disregarding" the evidence before it. We understand Clearway to be raising two core contentions, the first of which is that the trial court erred by not considering the Sharp affidavit that Clearway submitted on September 3

and by not considering other documents that Clearway had submitted before the August 19 hearing. In support of that contention, Clearway points to the court's statement at that hearing that the parties could submit affidavits.

As noted above, the trial court did state at one point that the parties might wish to submit "supplemental affidavits." However, when the court's statements are considered as a whole, their import is plain. The court explained that it could not rule on whether Sharp had statutory redemption rights in the absence of an evidentiary hearing at which testimony and documents could be presented that could form the basis for judicial factfinding. In the absence of a hearing, the court stated, it could rule on what was already before it. And all that the court then had before it—the only matter that it could decide without an evidentiary showing—was Clearway's legal argument that the default judgment itself conferred redemption rights on Sharp.

Once that unavailing legal argument is put aside, all that is left is Clearway's fact-based argument that Sharp had redemption rights either because she was a successor trustee or because she somehow inherited the property in her individual capacity. The trial court clearly stated that it could not decide those issues in the absence of an evidentiary hearing, it gave the parties an opportunity to request such a hearing, and no party did so. Under the circumstances, the court was not required to consider the Sharp affidavit that Clearway submitted at the last minute, to which the certificate holders had no meaningful opportunity to respond. We reject Clearway's argument that the trial court erred by not considering that affidavit.

We also reject Clearway's argument that the court erred by not considering as evidence the documents that Clearway had submitted to the court before the August 19 hearing. Clearway itself acknowledged at the hearing that it "[was not] the evidentiary" one, and the court made it clear that, if Clearway wished it to decide as a factual matter whether Sharp had redemption rights as a successor trustee or an heir, there would need to be an evidentiary hearing. The court did nothing to suggest that it might, instead, make factual findings based on the documents that

Clearway had already submitted, and it did not err by not doing so.

Clearway's second core contention is that the trial court erred by not ruling in its favor on the merits. Clearway argues that, considered together, the documents it submitted (Sharp's affidavit and the documents attached to Clearway's prehearing filing) establish that Sharp had redemption rights. Clearway posits that those documents establish that Sharp "had the right to redeem the subject property not only as the successor trustee of the Leone Sharp trust \*\*\*, but also as an heir of Leone Sharp." Clearway suggests that, because the certificate holders did not proffer any contradictory evidence, the trial court was bound to rule in Clearway's favor.[2]

That argument misses the mark. The trial court did not reach the merits of Clearway's fact-based arguments. That is, the court did not set out to determine what legal conclusions would follow if the facts asserted in the documents submitted by Clearway were established as true. The trial court ruled only that Clearway had the burden of proving that it had redemption rights (obtained from Sharp) and that Clearway could have met that burden only at an evidentiary hearing, which it did not timely request. Nothing about that ruling was erroneous and, in the absence of a request for an evidentiary hearing—and such a hearing actually occurring—the trial court was not required to reach the merits of Clearway's fact-based arguments or to rule in its favor.

Affirmed.

---

[2] It is worth noting that the documents Clearway submitted do not include a copy of the Leone Sharp trust, any documents describing the terms of that trust (beyond Sharp's claim to be successor trustee), or any documents purporting to show that the property at issue was ever transferred from the trust to an individual from whom Sharp could have inherited the property.